Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217

*Attorneys for Plaintiff*
*TransWeb, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, LLC, | CIVIL ACTION NO. _____ |
| Plaintiffs, | |
| v. | **COMPLAINT AND** |
| | **JURY DEMAND** |
| 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY, | |
| Defendants. | |

Plaintiff TransWeb, LLC ("TransWeb") hereby brings this action against Defendants 3M Innovative Properties Company and 3M Company (collectively "Defendants"), alleging as follows:

### THE PARTIES

1.      Plaintiff TransWeb, LLC, is a limited liability corporation organized and existing under the laws of the state of New Jersey with its principal place of business at 1473 West Forest Grove Road, Vineland, New Jersey, 08360.

2.      Defendant 3M Innovative Properties Company is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 3M Center, St. Paul, Minnesota, 55133-3427.

1

3.      Defendant 3M Company is a corporation organized and existing under the laws of the state of Delaware with its principal place of business   at 3M Center, St. Paul, Minnesota, 55133-3427.

## JURISDICTION AND VENUE

4.      This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

5.      This Court has subject matter jurisdiction over this action under at least 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

6.      Defendant 3M Innovative Properties Company is registered to do business in New Jersey with identification number 100783929, and has appointed as an agent for service of process in this judicial district The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey, 08628.  3M Innovative Properties Company has repeatedly availed itself of the forum provided by this judicial district.  Most recently, 3M Innovative Properties Company is a plaintiff in the currently ongoing *Graceway Pharmaceuticals, LLC et al. v. Perrigo Company et al.*, Civil Action No. 10-937 (D.N.J.), filed on February 23, 2010.

7.      Defendant 3M Company is registered to do business in New Jersey with identification number 6112410000, and has appointed as an agent for service of process in this judicial district The Corporation Trust Company, 820 Bear Tavern Road, West Trenton, New Jersey, 08628.  3M Company maintains multiple facilities in New Jersey, including in Parsippany, Flemington, and Belle Mead, New Jersey.

8.      Upon information and belief, Defendants have continuous and systematic contacts in New Jersey, including maintaining offices and doing business in New Jersey, and are subject to the personal jurisdiction of this Court under the United States Constitution, the laws of the state of New Jersey, and the Federal Rules of Civil Procedure.

9.      Venue is proper in this judicial district under 28 U.S.C. §§1391 and 1400(b).

2395766-01

## THE 3M PATENTS

10.     On June 4, 2002, the United States Patent and Trademark Office issued U.S. Patent No. 6,397,458 ("the '458 Patent").  A true and correct copy of the '458 Patent is attached as Exhibit A.  On information and belief, 3M Innovative Properties Company is the owner by assignment of all right, title and interest in the '458 Patent, and 3M Company is the exclusive licensee of the '458 Patent.

11.     During prosecution of the '458 Patent, Defendants, the named inventors, and other individuals associated with the prosecution of the '458 Patent failed to cite material prior art information, publications and other material showing, among other things, the availability of anticipating technology more than one year prior to the priority date of the '458 Patent. Defendants, the named inventors, and other individuals associated with the prosecution of the '458 Patent withheld this prior art information, publications and other material from the Patent and Trademark Office with deceptive intent.  To the extent Defendants, the named inventors, and other individuals associated with the prosecution of the '458 Patent did provide some information regarding this material prior art, they did so in a deceptive fashion intended to conceal critical elements of the information that would, if known to the Patent and Trademark Office, cause the Patent and Trademark Office to deny issuance of the '458 Patent.  As a result, the inventors obtained the '458 Patent by knowingly and willfully misrepresenting facts to the Patent and Trademark Office.

12.     On October 26, 2004, the United States Patent and Trademark Office issued U.S. Patent No. 6,808,551 ("the '551 Patent").  A true and correct copy of the '551 Patent is attached as Exhibit B.  On information and belief, 3M Innovative Properties Company is the owner by assignment of all right, title and interest in the '551 Patent, and 3M Company is the exclusive licensee of the '551 Patent.

2395766-01

13.    During prosecution of the '551 Patent, Defendants, the named inventors, and other individuals associated with the prosecution of the '551 Patent failed to cite material prior art information, publications and other material showing, among other things, the availability of anticipating technology more than one year prior to the priority date of the '551 Patent. Defendants, the named inventors, and other individuals associated with the prosecution of the '551 Patent withheld this prior art information, publications and other material from the Patent and Trademark Office with deceptive intent.  To the extent Defendants, the named inventors, and other individuals associated with the prosecution of the '551 Patent did provide some information regarding this material prior art, they did so in a deceptive fashion intended to conceal critical elements of the information that would, if known to the Patent and Trademark Office, cause the Patent and Trademark Office to deny issuance of the '551 Patent.  As a result, the inventors obtained the '551 Patent by knowingly and willfully misrepresenting facts to the Patent and Trademark Office.

## THE MINNESOTA ACTION

14.    On May 21, 2010, Defendants filed an action against TransWeb in the United States District Court for the District of Minnesota, captioned *3M Innovative Properties Company and 3M Company, v. TransWeb L.L.C.*, Civil Action No. 10-2132 (D. Minn.) (the "Minnesota Action").

15.    In the Minnesota Action, Defendants alleged that TransWeb directly infringed the '458 Patent and the '551 Patent (collectively, the "3M Asserted Patents").

16.    On July 2, 2010, Defendants served TransWeb with their Complaint in the Minnesota Action.  A true and correct copy of the Complaint is attached as Exhibit C.

17.    TransWeb does not have sufficient contacts with the State of Minnesota, and is therefore not subject to personal jurisdiction before the United States District Court for the District of Minnesota.  For this reason, on August 20, 2010, TransWeb filed a timely motion to dismiss the

4

Minnesota Action for lack of personal jurisdiction.  The United States District Court for the District of Minnesota set this motion for hearing on October 20, 2010.

18.     Although filed in a jurisdiction that cannot exercise personal jurisdiction over TransWeb, the Minnesota Action demonstrates an immediate, real, and justiciable controversy between TransWeb and Defendants over the validity and enforceability of the 3M Asserted Patents, and over TransWeb's alleged infringement of the 3M Asserted Patents.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the '458 Patent)**

19.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-18 of this Answer and Counterclaims.

20.     The claims of the '458 Patent are invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

21.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding the validity of the '458 Patent.

22.     TransWeb seeks a judgment declaring that the claims of the '458 Patent are invalid.

**SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of the '551 Patent)**

23.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-22 of this Answer and Counterclaims.

24.     The claims of the '551 Patent are invalid under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, 200 *et seq.*, and 301 *et seq.*

25.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding the validity of the '551 Patent.

26.     TransWeb seeks a judgment declaring that the claims of the '551 Patent are invalid.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment of Unenforceability of the '458 Patent)

27.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-26 of this Answer and Counterclaims.

28.     Specifically, TransWeb incorporates by reference the allegations set forth in paragraphs 10-11 above.

29.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding the enforceability of the '458 Patent.

30.     TransWeb seeks a judgment declaring that the claims of the '458 Patent are unenforceable under the doctrine of inequitable conduct.

## FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Unenforceability of the '551 Patent)

31.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-30 of this Answer and Counterclaims.

32.     Specifically, TransWeb incorporates by reference the allegations set forth in paragraphs 12-13 above.

33.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding the enforceability of the '551 Patent.

34.     TransWeb seeks a judgment declaring that the claims of the '551 Patent are unenforceable under the doctrine of inequitable conduct.

## FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Non-infringement of the '458 Patent)

35.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-34 of this Answer and Counterclaims.

36.     TransWeb has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '458 Patent.

2395766-01

37.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding TransWeb's alleged infringement of the '458 Patent.

38.     TransWeb seeks a judgment declaring that it does not infringe any claim of the '458 Patent.

**SIXTH CAUSE OF ACTION**
**(Declaratory Judgment of Non-infringement of the '551 Patent)**

39.     TransWeb incorporates by reference the responses and allegations set forth in paragraphs 1-38 of this Answer and Counterclaims.

40.     TransWeb has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '551 Patent.

41.     An immediate, real, and justiciable controversy exists between TransWeb and Defendants regarding TransWeb's alleged infringement of the '551 Patent.

42.     TransWeb seeks a judgment declaring that it does not infringe any claim of the '551 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, TransWeb prays for judgment and relief as follows:

A.      Declaring that the '458 Patent and the '551 Patent are invalid;

B.      Declaring that the '458 Patent and the '551 Patent are unenforceable;

C.      Declaring that TransWeb does not infringe the '458 Patent or the '551 Patent;

D.      Declaring that Defendants are not entitled to damages for or injunctive relief against any alleged infringement by TransWeb of the '458 Patent or the '551 Patent;

E.      Finding that this is an exceptional case under 35 U.S.C. § 285;

F.      Awarding TransWeb its costs and attorneys' fees in connection with this action; and

G.      Such further and additional relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

43.    TransWeb demands a jury trial on all matters so triable.

Dated:  August 27, 2010          **CONNELL FOLEY LLP**

By:  *<u>s/ Liza M. Walsh</u>*
      Liza M. Walsh

      85 Livingston Avenue
      Roseland, New Jersey 07068
      Tel:   (973) 535-0500
      Fax:  (973) 535-9217

      *Attorneys for Plaintiff*
      *TransWeb, LLC*

2395766-01

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that the matter in controversy is related to the following action pending before the Honorable John R. Tunheim, U.S.D.J., captioned *3M Innovative Properties Company and 3M Company, v. TransWeb L.L.C.*, Civil Action No. 10-2132 (D. Minn.) ("Minnesota Action"). While the above mentioned related Minnesota Action is currently pending, the United States District Court for the District of Minnesota cannot exercise personal jurisdiction over TransWeb, and TransWeb timely filed a motion to dismiss the Minnesota Action, which motion is set to be heard on October 20, 2010.

Dated: August 27, 2010                               *s/ Liza M. Walsh*
                                                    Liza M. Walsh

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the plaintiff seeks declaratory relief.

Dated: August 27, 2010                               *s/ Liza M. Walsh*
                                                    Liza M. Walsh