Gregory D. Miller
Damian P. Conforti
PODVEY, MEANOR, CATENACCI,
HILDNER, COCOZIELLO & CHATTMAN, P.C.
One Riverfront Plaza
Newark, NJ 07102-5497
Tel: (973) 623-1000

John C. Adkisson (*pro hac vice application pending*)
FISH & RICHARDSON P.C.
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070

*Attorneys for Defendants 3M Innovative
Properties Company and 3M Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,<br><br>Defendants. | Civil Action No. 2:10-cv-04413 (FSH/PS)<br><br>**3M'S ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS AND JURY DEMAND** |

Defendants 3M Innovative Properties Company and 3M Company (collectively "3M")

answer the Amended Complaint ("Complaint") of TransWeb, L.L.C. ("TransWeb") and

counterclaim as follows:

       1.      3M admits the allegations contained in Paragraph 1 of the Complaint.

       2.      3M admits the allegations contained in Paragraph 2 of the Complaint.

       3.      3M admits the allegations contained in Paragraph 3 of the Complaint.

4.      3M admits the allegations contained in Paragraph 4 of the Complaint.

5.      3M admits the allegations contained in Paragraph 5 of the Complaint.

6.      3M admits the allegations contained in Paragraph 6 of the Complaint.

7.      In responding to Paragraph 7 of the Complaint, 3M admits that it is registered to do business in New Jersey, that it has appointed The Corporation Trust Company as an agent for service of process in New Jersey and that it maintains facilities in Parsippany and Flemington, New Jersey.  3M denies the remaining allegations of Paragraph 7 of the Complaint.

8.      In responding to Paragraph 8 of the Complaint, 3M admits that it maintains offices and does business in New Jersey, and that it is subject to the personal jurisdiction of the Court for the purposes of this action.  3M denies the remaining allegations of Paragraph 8 of the Complaint.

9.      3M admits the allegations contained in Paragraph 9 of the Complaint.

10.      In responding to Paragraph 10 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 10 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 10 of the Complaint.

11.      In responding to Paragraph 11 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 11 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 11 of the Complaint.

12.     In responding to Paragraph 12 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 12 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 12 of the Complaint.

13.     In responding to Paragraph 13 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 13 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 13 of the Complaint.

14.     In responding to Paragraph 14 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 14 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 14 of the Complaint.

15.     In responding to Paragraph 15 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 15 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 15 of the Complaint.

16.     In responding to Paragraph 16 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 16 of

the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 16 of the Complaint.

17.     In responding to Paragraph 17 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 17 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 17 of the Complaint.

18.     In responding to Paragraph 18 of the Complaint, 3M does not believe that the paragraph contains "allegations against [3M]" within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore requires no response.  To the extent that any of the statements in Paragraph 18 of the Complaint are considered allegations against 3M, 3M denies the allegations of Paragraph 18 of the Complaint.

19.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 of the Complaint, and 3M therefore denies those allegations.

20.     In responding to Paragraph 20 of the Complaint, 3M admits that prior to 1996, 3M manufactured electrostatically charged filtration media using a process of infusing the media with chemicals containing fluorine.  3M denies the remaining allegations of Paragraph 20 of the Complaint.

21.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 of the Complaint, and 3M therefore denies those allegations.

22.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 of the Complaint, and 3M therefore denies those allegations.

23.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 of the Complaint, and 3M therefore denies those allegations.

24.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 of the Complaint, and 3M therefore denies those allegations.

25.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 of the Complaint, and 3M therefore denies those allegations.

26.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 26 of the Complaint, and 3M therefore denies those allegations.

27.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 27 of the Complaint, and 3M therefore denies those allegations.

28.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 28 of the Complaint, and 3M therefore denies those allegations.

29.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 29 of the Complaint, and 3M therefore denies those allegations.

30.     In responding to Paragraph 30 of the Complaint, 3M admits that it closed the transaction with Racal no later than March 31, 1998.  3M also admits that 3M obtained possession of at least one Racal sample in conjunction with that transaction.  3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 30 of the Complaint, and 3M therefore denies those allegations.

31.     In responding to Paragraph 31 of the Complaint, 3M admits that it analyzed at least one TransWeb product that had previously been provided to Racal.  3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 31 of the Complaint, and 3M therefore denies those allegations.

32.     In responding to Paragraph 32 of the Complaint, 3M admits that its Corporate Research Laboratories analyzed a product it called "Transweb T-Melt 30P Non-Woven Web," and that a report detailing that analysis was written on or about December 2, 1998.  3M also admits that a copy of that report is included in the attachments to TransWeb's Complaint.  3M denies the remaining allegations of Paragraph 32 of the Complaint.

33.     In responding to Paragraph 33 of the Complaint, 3M admits that, in 1999, 3M and TransWeb had discussions regarding TransWeb filtration media.  3M denies the remaining allegations of Paragraph 33 of the Complaint.

34.     In responding to Paragraph 34 of the Complaint, 3M admits that in 2000, TransWeb shipped filtration media to 3M.  3M denies the remaining allegations of Paragraph 34 of the Complaint.

35.     In responding to Paragraph 35 of the Complaint, 3M admits that in 2001 and 2002, TransWeb sold and shipped filtration media to 3M.  3M denies the remaining allegations of Paragraph 35 of the Complaint.

36.     In responding to Paragraph 36 of the Complaint, 3M admits that on January 6, 2000, 3M Innovative Properties Company filed Application No. 09/478,658, which eventually became United States Patent No. 6,397,458.  3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 36 of the Complaint, and 3M therefore denies those allegations.

37.     In responding to Paragraph 37 of the Complaint, 3M admits that the filing of the '658 application triggered a legal duty of candor to the Patent and Trademark Office.  3M denies the remainder of the allegations in Paragraph 37 of the Complaint.

38.     3M denies the allegations contained in Paragraph 38 of the Complaint.

39.     3M denies the allegations contained in Paragraph 39 of the Complaint.

40.     3M denies the allegations contained in Paragraph 40 of the Complaint.

41.     3M denies the allegations contained in Paragraph 41 of the Complaint.

42.     3M denies the allegations contained in Paragraph 42 of the Complaint.

43.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 of the Complaint, and 3M therefore denies those allegations.

44.     3M denies the allegations contained in Paragraph 44 of the Complaint.

45.     In responding to Paragraph 45 of the Complaint, 3M admits that it did submit a Supplemental Information Disclosure Statement on or about December 11, 2001, and that a copy of that Supplemental Information Disclosure Statement is attached as Exhibit A to the Complaint.  3M denies the remaining allegations contained in Paragraph 45 of the Complaint.

46.     3M denies the allegations contained in Paragraph 46 of the Complaint.

47.     In responding to Paragraph 47 of the Complaint, 3M admits that its December 11, 2001 Supplemental Information Disclosure stated, in part, that "[o]n June 2, 1997, Racal Filter Technologies, Inc. (Racal) entered into a Confidential Disclosure Agreement (Exhibit A) with Transweb, LLC.  As part of this arrangement between the parties, TransWeb furnished to Racal a sample of nonwoven filtration web."  3M denies the remaining allegations contained in Paragraph 47 of the Complaint.

48.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48 of the Complaint, and 3M therefore denies those allegations.

49.     3M denies the allegations contained in Paragraph 49 of the Complaint.

50.     3M denies the allegations contained in Paragraph 50 of the Complaint.

51.     3M denies the allegations contained in Paragraph 51 of the Complaint.

52.     In responding to Paragraph 52 of the Complaint, 3M admits that its December 11, 2001 Supplemental Information Disclosure stated, in part, that "[t]he applicants are unaware of any public disclosure of the Tmelt 30P product before the July 2, 1998 filing date."  3M denies the remaining allegations contained in Paragraph 52 of the Complaint.

53.     3M denies the allegations contained in Paragraph 53 of the Complaint.

54.     3M denies the allegations contained in Paragraph 54 of the Complaint.

55.     3M denies the allegations contained in Paragraph 55 of the Complaint.

56.     In responding to Paragraph 56 of the Complaint, 3M admits that its December 11, 2001 Supplemental Information Disclosure stated, in part, that "[a]s part of the purchase of Racal's asserts, 3M obtained possession of the Transweb product that was submitted under the Confidential Disclosure Agreement dated June 2, 1997."  3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the remainder of the allegations contained in Paragraph 56 of the Complaint, and 3M therefore denies those allegations.

57.     3M denies the allegations contained in Paragraph 57 of the Complaint.

58.     3M denies the allegations contained in Paragraph 58 of the Complaint.

59.     3M denies the allegations contained in Paragraph 59 of the Complaint.

60.     In responding to Paragraph 60 of the Complaint, 3M admits that its December 11, 2001 Supplemental Information Disclosure stated, in part, that "[a]pplicants do believe, however, that the product may have been subsequently commercialized by TransWeb."  3M denies the remaining allegations of Paragraph 60 of the Complaint.

61.     3M denies the allegations contained in Paragraph 61 of the Complaint.

62.     3M denies the allegations contained in Paragraph 62 of the Complaint.

63.     3M denies the allegations contained in Paragraph 63 of the Complaint.

64.     In responding to Paragraph 64 of the Complaint, 3M admits that its December 11, 2001 Supplemental Information Disclosure stated, in part, that "[n]o patent applications are believed to have been filed by Transweb for this product."  3M denies the remaining allegations of Paragraph 64 of the Complaint.

65.     3M lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 65 of the Complaint, and 3M therefore denies those allegations.

66.     3M denies the allegations contained in Paragraph 66 of the Complaint.

67.     3M denies the allegations contained in Paragraph 67 of the Complaint.

68.     3M admits the allegations contained in Paragraph 68 of the Complaint.

69.     3M denies the allegations contained in Paragraph 69 of the Complaint.

70.     In responding to Paragraph 70 of the Complaint, 3M admits that 3M Innovative Properties Company filed Application No. 10/681/670 on October 7, 2003, and that the application eventually became the '551 Patent.

71.     In responding to Paragraph 71 of the Complaint, 3M admits that the filing of the '670 application triggered a legal duty of candor to the Patent and Trademark Office.  3M denies the remainder of the allegations in Paragraph 71 of the Complaint.

72.     3M denies the allegations contained in Paragraph 72 of the Complaint.

73.     3M denies the allegations contained in Paragraph 73 of the Complaint, including but not limited to TransWeb's assertion that there is an "Invention Disclosure Statement" appended as Exhibit C to TransWeb's Complaint.  No such document is attached.

74.     3M denies the allegations contained in Paragraph 74 of the Complaint.

75.     3M admits the allegations contained in Paragraph 75 of the Complaint.

76.     3M denies the allegations contained in Paragraph 76 of the Complaint.

77.     3M admits the allegations contained in Paragraph 77 of the Complaint.

78.     3M admits the allegations contained in Paragraph 78 of the Complaint.

79.     3M admits the allegations contained in Paragraph 79 of the Complaint.

80.     In responding to Paragraph 80 of the Complaint, 3M admits that on August 20, 2010, TransWeb filed a motion to dismiss the Minnesota action for lack of personal jurisdiction and that a hearing was scheduled on TransWeb's motion on October 20, 2010.  3M denies the remaining allegations contained in Paragraph 80 of the Complaint.

81.     3M admits the allegations contained in Paragraph 81 of the Complaint.

82.     In responding to Paragraph 82 of the Complaint, 3M admits that there is an immediate, real and justiciable controversy regarding TransWeb's infringement of the '458 and '551 Patents, as well as the alleged unenforceability and invalidity of those patents.  3M denies the remaining allegations contained in Paragraph 82 of the Complaint.

83.     In responding to Paragraph 83 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-82 of the Complaint.

84.     3M denies the allegations contained in Paragraph 84 of the Complaint.

85.     3M admits the allegations contained in Paragraph 85 of the Complaint.

86.     In responding to Paragraph 86 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that the claims of the '458 Patent are invalid.  3M denies that TransWeb is entitled to any such judgment.

87.     In responding to Paragraph 87 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-86 of the Complaint.

88.     3M denies the allegations contained in Paragraph 88 of the Complaint.

89.     3M admits the allegations contained in Paragraph 89 of the Complaint.

90.     In responding to Paragraph 90 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that the claims of the '551 Patent are invalid.  3M denies that TransWeb is entitled to any such judgment.

91.     In responding to Paragraph 91 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-90 of the Complaint.

92.     In responding to Paragraph 92 of the Complaint, 3M specifically incorporates by reference its Answer to Paragraphs 36-69 of the Complaint.

93.     3M admits the allegations contained in Paragraph 93 of the Complaint.

94.     In responding to Paragraph 94 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that the claims of the '458 Patent are unenforceable under the doctrine of inequitable conduct.  3M denies that TransWeb is entitled to any such judgment.

95.     In responding to Paragraph 95 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-94 of the Complaint.

96.     In responding to Paragraph 96 of the Complaint, 3M specifically incorporates by reference its Answer to Paragraphs 70-76 of the Complaint.

97.     3M admits the allegations contained in Paragraph 97 of the Complaint.

98.     In responding to Paragraph 98 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that the claims of the '551 Patent are unenforceable under the doctrine of inequitable conduct.  3M denies that TransWeb is entitled to any such judgment.

99.     In responding to Paragraph 99 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-98 of the Complaint.

100.     In responding to Paragraph 100 of the Complaint, 3M specifically incorporates by reference its Answer to Paragraphs 33-35 of the Complaint.

101.     3M admits the allegations contained in Paragraph 101 of the Complaint.

102.     In responding to Paragraph 102 of the Complaint, 3M admits that TransWeb is purporting to seek a judgment "declaring that the claims of the '458 Patent are unenforceable

under the doctrine of laches."  3M denies that TransWeb is entitled to any such judgment, and 3M denies that any such relief is possible.

103.    In responding to Paragraph 103 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-102 of the Complaint.

104.    In responding to Paragraph 104 of the Complaint, 3M specifically incorporates by reference its Answer to Paragraphs 33-35 of the Complaint.

105.    3M admits the allegations contained in Paragraph 105 of the Complaint.

106.    In responding to Paragraph 106 of the Complaint, 3M admits that TransWeb is purporting to seek a judgment "declaring that the claims of the '551 Patent are unenforceable under the doctrine of laches."  3M denies that TransWeb is entitled to any such judgment, and 3M denies that any such relief is possible.

107.    In responding to Paragraph 107 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-106 of the Complaint.

108.    3M denies the allegations contained in Paragraph 108 of the Complaint.

109.    3M admits the allegations contained in Paragraph 109 of the Complaint.

110.    In responding to Paragraph 110 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that it does not infringe any claim of the '458 Patent.  3M denies that TransWeb is entitled to any such judgment.

111.    In responding to Paragraph 111 of the Complaint, 3M incorporates by reference its Answer to Paragraphs 1-110 of the Complaint.

112.    3M denies the allegations contained in Paragraph 112 of the Complaint.

113.    3M admits the allegations contained in Paragraph 113 of the Complaint.

114.    In responding to Paragraph 114 of the Complaint, 3M admits that TransWeb is seeking a judgment declaring that it does not infringe any claim of the '551 Patent.  3M denies that TransWeb is entitled to any such judgment.

115.    In responding to TransWeb's Prayer for Relief, 3M denies that TransWeb is entitled to any of the relief it seeks, nor is TransWeb entitled to judgment in its favor.  3M requests that TransWeb take nothing by way of its Complaint.

## FIRST AFFIRMATIVE DEFENSE

116.    TransWeb's claims for unenforceability due to inequitable conduct fail to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

117.    TransWeb's claims for unenforceability "under the doctrine of laches" fail to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

118.    TransWeb's unenforceability claims are barred due to the doctrine of unclean hands.

## COUNTERCLAIMS

1.    3M Innovative Properties Company and 3M Company (collectively "Defendants") file this Counterclaim and demand for jury trial seeking relief for patent infringement by TransWeb L.L.C. ("TransWeb").  Defendants state and allege the following:

2.    Defendant 3M Innovative Properties Company is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.

3.　　　Defendant 3M Company is a corporation organized and existing under the laws of the state of Delaware and with its principal place of business at 3M Center, St. Paul, MN 55133.

4.　　　TransWeb is a limited liability corporation organized under the laws of the state of New Jersey and having its principal place of business at 1473 West Forest Grove Road, Vineland, New Jersey 08360.

## JURISDICTION AND VENUE

5.　　　This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285.

6.　　　This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.　　　This Court has personal jurisdiction over TransWeb under the United States Constitution, the laws of the State of New Jersey and the Federal Rules of Civil Procedure. TransWeb has continuous and systematic contacts in New Jersey, and TransWeb has admitted that its principal place of business is in New Jersey.  On information and belief, TransWeb has, makes and sells products in New Jersey that infringe the patents-in-suit.

8.　　　Venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b).

## Patents-In-Suit

9.　　　On June 4, 2002, United States Patent No. 6,397,458 ("the '458 Patent") was duly and legally issued by the United States Patent and Trademark Office.

10.　　　On October 26, 2004, United States Patent No. 6,808,551 ("the '551 Patent") was duly and legally issued by the United States Patent and Trademark Office.

11.     3M Innovative Properties Company is the owner by assignment of all right, title and interest in the '458 Patent and the '551 Patent.  3M Company is the exclusive licensee of the '458 Patent and the '551 Patent.

### Count One – Infringement of United States Patent No. 6,397,458

12.     Defendants reallege and incorporate by reference Paragraphs 1 through 11 as if fully stated herein.

13.     Upon information and belief, TransWeb is directly infringing the '458 Patent by using a process that infringes the '458 Patent and by making, using, offering to sell, and/or selling products that infringe the '458 Patent, including but not limited to products bearing brand codes THHET-035 and THHET-050 in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

14.     TransWeb has conducted its infringing activities with full knowledge of the '458 Patent, and TransWeb's infringement is willful.

15.     Upon information and belief, TransWeb will continue to infringe the '458 Patent unless and until TransWeb is enjoined by this Court.

16.     Defendants will be damaged and will be irreparably injured unless and until TransWeb's infringing activities are enjoined by this Court.

### Count Two – Infringement of United States Patent No. 6,808,551

17.     Defendants reallege and incorporate by reference Paragraphs 1 through 16 of the Counterclaim as if fully stated herein.

18.     Upon information and belief, TransWeb is directly infringing the '551 Patent by using a process that infringes the '551 Patent and by making, using, offering to sell, and/or selling products that infringe the '551 Patent, including but not limited to products bearing brand

codes THHET-035 and THHET-050 in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

19.     TransWeb has conducted its infringing activities with full knowledge of the '551 Patent, and TransWeb's infringement is willful.

20.     Upon information and belief, TransWeb will continue to infringe the '551 Patent unless and until TransWeb is enjoined by this Court.

21.     Defendants will be damaged and will be irreparably injured unless and until TransWeb's infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

Defendants respectfully ask this Court to:

A.     Enter judgment that TransWeb has infringed the '458 Patent and the '551 Patent under 35 U.S.C. § 271;

B.     Enter an order preliminarily and permanently enjoining TransWeb, and its respective officers, agents, servants and employees, attorneys and all persons in active concert or participation with any of the foregoing who receive actual notice by personal service of the orders from infringing the '458 Patent and the '551 Patent in violation of 35 U.S.C. § 271;

C.     Award Defendants their respective damages in amounts sufficient to compensate them for TransWeb's infringement of the '458 Patent and the '551 Patent, together with prejudgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D.     Find that TransWeb's infringement has been willful, and treble the damages awarded to Defendants under 35 U.S.C. § 284;

E.     Declare this case to be exceptional under 35 U.S.C. § 285 and to award Defendants their attorneys' fees, expenses and costs incurred in this action;

F.      Perform an accounting of TransWeb's infringing sales through trial and judgment;

and

G.      Award Defendants such other and further relief as this Court deems just and

proper.

Dated:  November 29, 2010                    PODVEY, MEANOR, CATENACCI, HILDNER,
                                             COCOZIELLO & CHATTMAN, P.C.

                                             By:/s/ Gregory D. Miller
                                             Gregory D. Miller
                                             Damian P. Conforti
                                             PODVEY, MEANOR, CATENACCI,
                                             HILDNER, COCOZIELLO & CHATTMAN, P.C.
                                             One Riverfront Plaza
                                             Newark, NJ 07102-5497
                                             Tel: (973) 623-1000

                                             FISH & RICHARDSON P.C.
                                             John C. Adkisson (*pro hac vice application
                                             pending*)
                                             adkisson@fr.com
                                             3200 RBC Plaza
                                             60 South Sixth Street
                                             Minneapolis, MN 55402
                                             Tel: (612) 335-5070

*Doc#: 286492*