# PODVEY MEANOR
### CATENACCI HILDNER COCOZIELLO & CHATTMAN

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
THE LEGAL CENTER
ONE RIVERFRONT PLAZA SUITE 800
NEWARK, NEW JERSEY 07102-5497
(973) 623-1000 FACSIMILE: (973) 623-9131
www.podvey.com

NEW YORK OFFICE
400 PARK AVENUE SUITE 1420
NEW YORK, NEW YORK 10022
(212) 432-7419
PLEASE REPLY TO NEW JERSEY OFFICE

May 11, 2011

ROBERT L. PODVEY
HENRY J. CATENACCI
THOMAS V. HILDNER
J. BARRY COCOZIELLO
H. RICHARD CHATTMAN◆
SAUL ZIMMERMAN◆
MARIANNE C. TOLOMEO
SHELDON M. FINKELSTEIN▲
DOUGLAS E. MOTZENBECKER◆
GREGORY D. MILLER◆
ROSARIA A. SURIANO
LISA J. TREMBLY▲
THOMAS G. ALJIAN, JR.◆
ROBERT J. MCGUIRE
ROBERT K. SCHEINBAUM◆
MICHAEL F. BEVACQUA◆
ANTHONY M. RAINONE◆
LAINIE MILLER◆
DAMIAN P. CONFORTI◆
LINO J. SCIARRETTA◆
VIVEK SINGH◆
AARON H. GOULD◆

OF COUNSEL
MARK K. LIPTON

H. CURTIS MEANOR (2008)

◆MEMBER OF NJ & NY BARS
▲MEMBER OF NJ & PA BARS

**_Via ECF and First Class Mail_**

Re:  TransWeb, LLC v. 3M Innovative Properties Company and 3M Company
     Civil Action No.: 2:10-cv-04413 (FSH) (PS)
     Our File No. 4519/11574

Honorable Patty Shwartz, U.S.M.J.
United States District Court
Frank R. Lautenberg U.S. P.O. & Cthse. Building
Room 477
Newark, NJ 07101

Dear Magistrate Judge Shwartz:

This firm, together with the law firm of Fish & Richardson, P.C., serve as co-counsel to defendants 3M Innovative Properties Company and 3M Company ("3M") in the above-referenced matter.

In advance of the parties' May 12 status conference with the Court, 3M would like to raise a time-sensitive issue it hopes the Court will be able to resolve on the call. Namely, TransWeb notified 3M two days ago that it intends to seek construction of **75 separate claim terms**. TransWeb's request is frivolous, seeking construction of even well understood terms like "consisting of," "providing," "to produce an article," as well as repetitive terms such as "microfiber," "polymeric microfiber," "polymeric nonwoven web," and "nonwoven fibrous web." 3M respectfully requests that the Court limit TransWeb to proposing ten terms for construction. This issue is time-sensitive, because the parties need to exchange draft constructions in one-and-a-half weeks, on May 23. 3M attempted to meet and confer with TransWeb before submitting this letter, but TransWeb did not respond to 3M's repeated requests to meet and confer.

Construing 75 separate claim terms would impose a substantial burden on the Court's time and resources. It would likely require a _Markman_ hearing lasting several days, would require that the parties seek the Court's permission to both submit opening and responsive _Markman_ briefs each totaling well over 100 pages. Although TransWeb contends that it hopes the parties can come to agreement on some of the terms, even if the parties are eventually able to do so, 3M remains concerned about TransWeb's proposal.

Specifically, TransWeb's proposal would impose a substantial burden on the parties. It takes a significant amount of time and resources to prepare a construction for just a single claim term. Preparing constructions for 75 separate terms would be a Herculean and unnecessary task.

It is appropriate for the Court to limit TransWeb to a total of ten terms, because District Courts commonly require parties to limit the number of claim terms for construction. *See, e.g., 180s, Inc. v. Gordini U.S.A., Inc.*, 699 F. Supp. 2d 714, 718–19 (D. Md. 2010) ("I have made clear *I will only construe ten to twelve terms*."); *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2010 WL 1292710, at *2 (D. Kan. Mar. 29, 2010) ("There are legitimate ways in which to streamline the claim construction process when faced with myriad claims from multiple patents. Defendants are correct that *a number of district courts have, as part of case management, preemptively limited the number of claim terms that the court will construe,…*"); *Hearing Components, Inc. v. Shure, Inc.*, No. 9:07CV104, 2008 WL 2485426, at *1 (E.D. Tex. June 13, 2008) (sua sponte *ordering parties to limit to ten the number of claim terms to be construed*, after the parties had submitted a total of 20 claim terms); *IP Cleaning S.p.A v. Annovi Reverberi, S.p.A*, No. 08-cv-147-bbc, 2006 WL 5925609, at *1 (W.D. Wis. Oct.26, 2006) (ruling that "*the court will construe no more than 16 terms* for all parties in this lawsuit regardless of the number of patents or claims at issue."). In fact, the Northern District of Illinois' local patent rules expressly state that "No more than ten (10) terms or phrases may be presented to the Court for construction absent prior leave of court upon a showing of good cause . . . If the parties are unable to agree upon ten terms, then five shall be allocated to all plaintiffs and five to all defendants…. The limitation to ten claim terms to be presented for construction is intended to require the parties to focus upon outcome-determinative or otherwise significant disputes." N.D. Ill. Local Patent Rule 4.1(b).

Because of the substantial burden TransWeb's proposal would impose on the Court as well as the parties, and in light of the general practice of Courts to limit the number of terms they will construe, 3M respectfully requests that the Court limit TransWeb to proposing no more than ten claim terms for construction.

Respectfully submitted,

Gregory D. Miller

GDM/das
cc:     All Counsel of Record *(via ECF)*

291258