UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
**TRANSWEB, LLC,**                     :
                                       :
      **Plaintiff,**             :    Civil Action No. 10-4413 (FSH)
                                       :
  v.                                   :
                                       :
**3M INNOVATIVE PROPERTIES**           :
**COMPANY, ET AL.,**                   :    **ORDER ON INFORMAL**
                                       :          **APPLICATION**
      **Defendants.**            :
_____ :

      This matter having come before the Court by way of letters dated November 14, 2011, November 23, 2011, November 25, 2011, and November 28, 2011 regarding the parties' privilege disputes;

      and the Court having conducted a hearing on November 30, 2011;

      and for the reasons discussed at the hearing with the Hon. Garrett E. Brown, Jr.;

      IT IS ON THIS 30th day of November, 2011

      ORDERED that the privilege assertion over Clacor documents discussing this lawsuit based upon the common interest doctrine is sustained;

      IT IS FURTHER ORDERED that Transweb's request for the production of documents listed on the fourth supplemental privilege log is denied without prejudice due plaintiff's present failure to make a <u>prima facie</u> showing that a crime or fraud has occurred.  This ruling is not admissible in connection with the inequitable conduct/Walker Process claims.  The plaintiff may renew this request if evidence not presently available becomes available to establish a <u>prima facie</u>

showing;

IT IS FURTHER ORDERED that the sole privilege issue that requires court-intervention is limited to the plaintiff's challenge to the defendant's assertion of the privilege/work product protection rule concerning documents that are set forth in Categories I and II on the chart attached to the letter dated November 28, 2011 that are described as embodying infringement analysis, the dispute will be resolved via sampling whereby the plaintiff shall select ten documents from Categories I and ten documents from Category II.  The plaintiff shall set forth and produce to the defendants, on a consolidated privilege log the documents that comprise the sample, no later than **December 5, 2011.**  The consolidated log shall include all columns of information for each document as set forth on the original privilege log as well as the revised descriptions subsequently provided for such documents and shall include an additional column in which the defendants shall list the number of pages for each document.  The final consolidated log, which includes the number of pages for each of the document, shall be submitted to the Court no later than **December 8, 2011 at 4:00 p.m.**;

IT IS FURTHER ORDERED that, absent a request to change the date/time due to the availability of counsel, there shall be a telephone conference with the Undersigned on **December 9, 2011 at 4:30 pm.** (New Jersey time).  Defendants shall initiate the telephone call.  During the telephone call, the parties shall be prepared to report whether a quick peek under the terms of an Order under Fed. R. Evid 502(d) can be used to resolve the dispute and if not, the date on which the parties can appear for a hearing at which the defendants will be required to provide an offer of proof that would support each element of the privilege and/or work product rule, including whether or not the document refers to or indicates an understanding of Transweb's media, who defendants planned to sue, how imminent suit was as of the date of the document, and the

identity and role of each person who created and received the document; and

IT IS FURTHER ORDERED that if the above paragraphs do not accurately reflect the decisions of the Hon. Garrett E. Brown, Jr., then, no later than **December 5, 2011**, the parties shall submit a consent order that memorializes the rulings of the Hon. Garrett E. Brown, Jr., rendered on November 30, 2011.

**s/Patty Shwartz**
**UNITED STATES MAGISTRATE JUDGE**[1]

---

[1] Although the Magistrate Judge signed this Order, the rulings contained herein (other than those related to scheduling) were rendered by Judge Brown.