Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
Tel.: (973) 535-0500
Fax: (973) 535-9217

*Attorneys for Plaintiff*
*TransWeb, LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, LLC, | CIVIL ACTION NO. 10-04413 (FSH/PS) |
| Plaintiff and Counterclaim-Defendant, | |
| v. | **ANSWER TO AMENDED COUNTERCLAIMS** |
| 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY, | |
| Defendants and Counterclaim-Plaintiffs. | *Electronically Filed* |

Plaintiff TransWeb, LLC ("TransWeb") answers the Amended Counterclaim of 3M Innovative Properties Company and 3M Company ("3M") as follows:

1.      TransWeb admits that 3M has filed an Amended Counterclaim and demand for jury trial seeking relief for patent infringement by TransWeb.  TransWeb denies that it infringed any patents and it denies that 3M is entitled to any relief.

2.      TransWeb admits the allegations in this paragraph of the Amended Counterclaim.

3.      TransWeb admits the allegations in this paragraph of the Amended Counterclaim.

4.      TransWeb admits the allegations in this paragraph of the Amended Counterclaim.

## JURISDICTION AND VENUE

5.      TransWeb admits that this action, including the Second Amended Complaint and the allegations in the Amended Counterclaim, arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281-285 as well as the antitrust laws of the United States, 15 U.S.C. §§ 1 *et seq.*

6.      TransWeb admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as well as pursuant to 28 U.S.C. § 2201 and 2202, and 15 U.S.C. § 15.

7.      TransWeb admits that this Court has personal jurisdiction over it under the United States Constitution, the laws of the State of New Jersey and the Federal Rules of Civil Procedure. TransWeb admits that it has continuous and systematic contacts in New Jersey and that its principal place of business is in New Jersey.  TransWeb denies the remaining allegations contained in this paragraph.

8.      TransWeb admits that venue is proper in this Judicial District under 28 U.S.C. § 1391 and § 1400(b).

## PATENTS-IN-SUIT

9.      TransWeb admits that Patent No. 6,397,458 was issued by the United States Patent and Trademark Office on June 4, 2002 but denies that it was issued duly and legally.

10.      TransWeb admits that Patent No. 6,808,551 was issued by the United States Patent and Trademark Office on October 26, 2004 but denies that it was issued duly and legally.

11.      TransWeb lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph of the Amended Counterclaim, and therefore denies them.

## Count One – Infringement of United States Patent No. 6,397,458

12.     TransWeb incorporates by reference paragraphs 1 through 11 above.

13.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

14.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

15.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

16.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

## Count Two – Infringement of United States Patent No. 6,808,551

17.     TransWeb incorporates by reference paragraphs 1 through 16 above.

18.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

19.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

20.     TransWeb admits that some of its customers incorporate TransWeb media into end products used to filter contaminants but denies that its customers directly infringe the '551 Patent.  TransWeb lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of the allegations contained in this paragraph of the Amended Counterclaim, and therefore denies them.

21.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

22.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

23.     TransWeb admits that it produced an email from its Vice President, Mr. Ogale, which document speaks for itself, and which document 3M refers to as Ex. 2, but which 3M did not file with its Answer to Amended Complaint and Counterclaims and Jury Demand. TransWeb denies the rest of the allegations contained in this paragraph of the Amended Counterclaim.

24.     TransWeb admits that its Vice President, Mr. Ogale, stated in the second paragraph of his September 7, 2010 Declaration in support of TransWeb's Motion to Dismiss 3M's Action in the District of Minnesota, which document 3M refers to as Ex. 3, but which 3M did not file with its Answer to Amended Complaint and Counterclaims and Jury Demand, that its products are "used primarily for removing particulates and other contaminants in the air in industrial, commercial and residual filter applications."  TransWeb also admits that in paragraph 11 of Mr. Ogale's September 7, 2010 declaration, he stated that "TransWeb sells a raw material, its media, to commercial consumers who incorporate it into their own finished products."  TransWeb denies the rest of the allegations contained in this paragraph of the Amended Counterclaim.

25.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

26.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

27.     TransWeb denies the allegations contained in this paragraph of the Amended Counterclaim.

28.     TransWeb denies the allegations contained in this paragraph of the Amended

Counterclaim.

**Count Three – Declaratory Judgment of Non-Infringement of United States Patent No.**
**6,419,871**

29.     TransWeb incorporates by reference paragraphs 1 through 28 above.

30.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order

Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent

Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the

Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the

allegations in this paragraph is required.

31.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order

Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent

Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the

Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the

allegations in this paragraph is required.

32.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order

Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent

Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the

Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the

allegations in this paragraph is required.

**Count Four – Declaratory Judgment of Invalidity of United States Patent No. 6,419,871**

33.     TransWeb incorporates by reference paragraphs 1 through 32 above.

34.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order

Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent

Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

35.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

36.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

**Count Five– Declaratory Judgment of Invalidity of United States Patent No. 6,419,871**

37.     TransWeb incorporates by reference paragraphs 1 through 36 above.

38.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

39.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the

Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

40.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

41.     This Count has been dismissed with prejudice pursuant to a Stipulation and Order Dismissing TransWeb's Patent Infringement Claim and 3M's Inequitable Conduct and Patent Misuse Claims and Defenses Relating to United States Patent No. 6,419,871, entered by the Court on March 9, 2012, at ECF No. 266.  As this Count has been dismissed, no response to the allegations in this paragraph is required.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses to 3M's Amended Counterclaim, TransWeb does not concede that it bears the burden of establishing any fact or proposition on any issue.

## FIRST AFFIRMATIVE DEFENSE
### (Laches)

42.     TransWeb incorporates by reference the allegations set forth in paragraphs 33 through 35 of TransWeb's Second Amended Complaint, filed June 3, 2011.

43.     Each of the purported causes of action set forth in the Amended Counterclaim is barred by the doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

44.     The claims of Patent No. 6,397,458 and Patent No. 6,808,551 are invalid under

Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112,

200 *et seq.*, and 301 *et seq.*

## THIRD AFFIRMATIVE DEFENSE
### (Non-infringement)

45.     No product TransWeb markets, distributes, uses, sells, or offers to sell, infringes

either Patent No. 6,397,458 or Patent No. 6,808,551.

46.     TransWeb has not infringed either Patent No. 6,397,458 or Patent No. 6,808,551.

## FOURTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

47.     TransWeb incorporates by reference the allegations set forth in paragraphs 36

through 76 of TransWeb's Second Amended Complaint, filed June 3, 2011.

48.     Each of the purported causes of action set forth in the Amended Counterclaim is

barred by 3M's inequitable conduct.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

49.     Each of the purported causes of action set forth in the Amended Counterclaim is

barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

50.     3M is estopped from asserting its infringement claims against TransWeb under

the doctrines of prosecution history estoppel and prosecution disclaimer.

## SEVENTH AFFIRMATIVE DEFENSE
### (Prosecution Laches)

51.     Each of the purported causes of action set forth in the Amended Counterclaim is barred by the doctrine of prosecution laches.

## EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

52.     Each of the purported causes of action set forth in the Amended Counterclaim is barred in whole or in part by the doctrine of equitable estoppel.

## PRAYER FOR RELIEF

53.     TransWeb denies that 3M is entitled to any of the relief set forth in the Prayer for Relief in the Amended Counterclaim.

54.     3M is not entitled to injunctive relief because any alleged injury to them is not immediate or irreparable and 3M has an adequate remedy at law.

55.     TransWeb denies each and every allegation not specifically admitted in this Answer to 3M's Amended Counterclaim.

Dated: March 12, 2012

*s/ Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey  07068-1765
Tel.:  (973) 535-0500
Fax:  (973) 535-9217

Harold A. Barza (admitted *pro hac vice* )
Michael E. Williams (admitted *pro hac vice*)
Matthew S. Warren (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017
Tel.:  (213) 443-3000
Fax:  (213) 443-3100

*Attorneys for Plaintiff TransWeb, LLC*

2664225-01