# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

TRANSWEB, LLC,

      Plaintiff and Counterclaim-Defendant,

          v.

3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,

      Defendants and Counterclaim-Plaintiffs.

CIVIL ACTION NO. 10-04413 (FSH/PS)

*Electronically Filed*

**Trial Date:  October 29, 2012**

---

## PLAINTIFF TRANSWEB, LLC'S COMBINED OPPOSITION TO 3M'S MOTION TO SET THE ORDER OF PROOF AT TRIAL AND MOTIONS *IN LIMINE*

---

Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
*Attorneys for Plaintiff and Counterclaim-Defendant TransWeb, LLC*

Harold A. Barza (admitted *pro hac vice*)
Michael E. Williams (admitted *pro hac vice*)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California, 90017
(213) 443-3000
*Attorneys for Plaintiff and Counterclaim-Defendant TransWeb, LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..............................................................................1

ARGUMENT ....................................................................................................1

I.     OPPOSITION TO 3M'S MOTION TO SET THE ORDER OF PROOF AT
TRIAL.....................................................................................................1

     A.     As an Antitrust and Declaratory Judgment Plaintiff, TransWeb Has The
Right to Present it Case First ..................................................................2

          1.     A plaintiff that bears the burden of proof on its claims
presumptively should not be realigned as a defendant ...............................2

          2.     3M's arguments in favor of realignment are unavailing to
overcome this presumption .........................................................................5

     B.     3M's Attempt To Reorder The Proof At Trial Pursuant to Rule 611 Is
Procedurally and Substantively Without Merit........................................8

          1.     Rule 611 is a limited trial management device that does not apply
to realignment of the parties ......................................................................9

          2.     There will be no efficiency gains in reordering the proof at trial .............11

          3.     There is no risk of repetitive witnesses, testimony, or overall
inefficiency ...............................................................................................12

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR
RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

IV.    OPPOSITION TO 3M'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE AND ARGUMENT THAT "AT LEAST ABOUT" IS INDEFINITE OR LACKS WRITTEN DESCRIPTION.............................................................................28

      A.    The Court Did Not Require That TransWeb Raise These Arguments on Summary Judgment or Else Waive Them ...........................................29

      B.    When, As Here, There Are Competing Expert Opinions Which Would Preclude Summary Judgment, These Issues Are Properly Determined By The Jury ...................................................................................................30

CONCLUSION.........................................................................................................32

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Ackerman v. Hook*,
   183 F.2d 11 (3d Cir. 1950)...................................................................................2

*Alloc, Inc. v. Unilin Dcor N.V.*,
   2005 WL 3448060 (E.D. Wis. Dec. 15, 2005) .............................................4, 7, 9

*Amgen Inc. v. F. Hoffman-LA Roche Ltd*,
   580 F.3d 1340, 92 U.S.P.Q. 2d 1289 (Fed. Cir. 2009) ........................................30

*Anheuser-Busch, Inc. v. John Labatt*,
   89 F.3d 1339 (8th Cir. 1996) ..........................................................................2, 3, 7

*BJ Services Co. v. Halliburton Energy Services, Inc.*,
   338 F.3d 1368, 67 U.S.P.Q. 2d 1692 (Fed. Cir. 2003) ........................................30

*Becker v. ARCO Chem. Co.*,
   207 F.3d 176 (3d Cir. 2000)...........................................................................20, 21

*Delano Farms Co. v. California Table Grape Com'n*,
   655 F.3d 1337 (Fed. Cir. 2011).............................................................................23

*DiLoreto v. CNA Ins. Co.*,
   1998 WL 962024 (E.D. Pa. Dec. 18, 1998) ...........................................................2

*E.I. Dupont De Nemours & Co. v. Millennium Chem., Inc.*,
   1999 WL 615164 (D. Del. Aug. 2, 1999) .............................................................31

*Ericsson Inc. v. Harris Corp.*,
   1999 WL 604827 (N.D. Tex. Aug. 11, 1999) ................................................3, 6, 7

*Exxon Research & Eng'g Co. v. United States*,
   265 F.3d 1371 (Fed. Cir. 2001)............................................................................30

*Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*,
   2006 WL 1646110 (N.D. Cal. June 12, 2006) ...................................................2, 7

*Geders v. U.S.*,
   425 U.S. 80 (1976)..................................................................................................9

*Grayling Indus., Inc. v. GPAC, Inc.*,
   1992 WL 404226 (N.D. Ga. Feb. 12, 1992) ..........................................................8

*Johnson v. Metropolitan Life Ins. Co.*,
   2006 WL 246863 (W.D. Pa. Aug. 24, 2006) .......................................................20

*Kerr Corp. v. N. Am. Dental Wholesalers*,
   2011 WL 4965111 (C.D. Cal. Oct. 18, 2011).....................................................8, 9

*L-3 Commc'ns Corp. v. OSI Sys., Inc.,*
    418 F. Supp. 2d 380 (S.D.N.Y. 2005)..............................................................3, 4, 7

*Lis v. Robert Packer Hosp.,*
    579 F.2d 819 (3d Cir. 1978).............................................................................9, 10

*Multiflex, Inc. v. Samuel Moore & Co.,*
    709 F.2d 980 (5th Cir. 1983) ................................................................................22

*Phoenix Tech., Ltd. v. XTool Mobile Security, Inc.,*
    2011 WL 7318755 (N.D. Cal. Apr. 1, 2011) ........................................................3

*Plumtree Software, Inc. v. Datamize, LLC,*
    2003 WL 25841157 (N.D. Cal. Oct. 6, 2003) ...................................................5-8

*Queen City Pizza, Inc. v. Domino's Pizza, Inc.,*
    124 F.3d 430 (3d Cir. 1997)................................................................................24

*Scotts Co. LLC v. Seeds, Inc.,*
    __ F.3d __, 2012 WL 3241407 (9th Cir. Aug. 10, 2012) ....................................6

*Spectrum Sports, Inc. v. McQuillian,*
    506 U.S. 447 (1993)............................................................................................26

*System Management Arts Inc. v. Avesta Technologies, Inc.,*
    137 F. Supp. 2d 382 (S.D.N.Y. 2001)..................................................................3

*Tesco Corp. v. Varco I/P, Inc.,*
    2006 WL 6625915 (S.D. Tex. Nov. 9, 2006) ......................................................7

*Union Pac. Res. Co. v. Chesapeake Energy Corp.,*
    236 F.3d 684 (Fed. Cir. 2001).............................................................................30

## **Statutes**

35 U.S.C. §112 ............................................................................................................30

Fed. R. Evid. 402 ........................................................................................................20

Fed. R. Evid. 403 ........................................................................................................20

Fed. R. Evid. 404(b)....................................................................................................20

Fed. R. Evid. 611 ................................................................................................8, 9, 10

42 C.F.R. Part 84..........................................................................................................15

## PRELIMINARY STATEMENT

Plaintiff and Counterclaim-Defendant TransWeb, LLC ("TransWeb") respectfully submits this combined memorandum of law in opposition to 3M's motion to set the order of proof at trial and motions *in limine* (Dkt. 398).

## ARGUMENT

### I.   OPPOSITION TO 3M'S MOTION TO SET THE ORDER OF PROOF AT TRIAL

3M seeks to realign the parties on the eve of trial so that TransWeb, which has prepared this litigation for the past two years as the plaintiff, should now be deemed the defendant, and 3M can present its story first and last to the jury.  In doing so, 3M wholly ignores the weight of authority demonstrating that realignment is inappropriate under these circumstances.  Courts consistently exercise their discretion to deny requests for realignment so long as the nominal plaintiff, here TransWeb, bears the burden of proof on some claims, including claims for Declaratory Judgment.  It is undisputed that TransWeb bears the burden of proof not just on Declaratory Judgment claims but also its affirmative antitrust claims, making realignment improper.  3M's primary authority supporting its argument, *Plumtree Software, Inc. v. Datamize, LLC*, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003, is inapplicable on its face.  In that case, the Court realigned the parties after finding that the nominal plaintiff engaged in blatant forum-shopping, a situation which is not present here.  Moreover, the defendant in *Plumtree* sought realignment at the beginning of the litigation, shortly after filing its Answer.  Here, 3M waited until the parties had completed fact and expert discovery, filed pre-trial documents with the Court and prepared their respective cases for trial with TransWeb as the plaintiff and 3M as the defendant before 3M sought to realign the parties for trial.  3M provides no justification for the Court to flip the entire case on its head on the eve of trial.

Implicitly recognizing that it cannot meet the discretionary standard for realignment, 3M captions its motion as one to set the order of proof at trial pursuant to Federal Rule of Evidence 611.  That is not, however, the motion 3M preserved in the Final Pretrial Order, nor does this belated attempt to re-characterize the relief sought change the end result.[1]  In any event FRE 611 provides no support for granting 3M's requested relief, as courts have recognized.  And, as explained below, there is no genuine risk of jury confusion or inefficiencies by permitting TransWeb to remain the plaintiff in this case.  TransWeb respectfully submits 3M's motion should be denied and the case should proceed to trial in the same posture it has been in since TransWeb filed its Complaint nearly two years ago, with TransWeb as the plaintiff and 3M as the defendant.

   A.   As an Antitrust and Declaratory Judgment Plaintiff, TransWeb Has The Right to Present it Case First

       1.   A plaintiff that bears the burden of proof on its claims presumptively should not be realigned as a defendant

The question of whether to realign the parties is committed to the sound discretion of the Court.  *See Anheuser-Busch, Inc. v. John Labatt,* 89 F.3d 1339, 1344 (8th Cir. 1996) (noting that the trial court has broad discretion in deciding whether to realign the parties).   When courts consider a request for realignment of the parties for purposes of trial, they look at the "principal" or "primary" purpose of the case.  *See, e.g., Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.,* 2006 WL 1646110, at *2-3 (N.D. Cal. June 12, 2006).[2]  The presumptive rule is that so long as a nominal plaintiff possesses affirmative claims for which it bears the burden of

---

[1]   *See* Dkt. 364 (Final Pretrial Order) ¶ 2.C.2 (stating that 3M intended to bring a "[m]otion to realign parties to allow 3M to present its case first.").

[2]   Oftentimes, realignment arises in situations where a defendant claims there is no subject matter jurisdiction because the parties are not properly aligned. *Ackerman v. Hook*, 183 F.2d 11, 14-15 (3d Cir. 1950); *DiLoreto v. CNA Ins. Co.*, 1998 WL 962024, at *2 (E.D. Pa. Dec. 18, 1998) (realigning parties, but still finding that diversity jurisdiction existed).

proof—including claims brought under the Declaratory Judgment Act—they are the "primary" issues for trial and that the plaintiff should therefore open and close the case.  *See, e.g.*, *Anheuser-Busch*, 89 F.3d at 1344 (noting that, as parties that filed case, plaintiffs presumptively entitled to open and close case). *See also Phoenix Tech., Ltd. v. XTool Mobile Security, Inc.*, 2011 WL 7318755 (N.D. Cal. Apr. 1, 2011) (refusing to realign parties where plaintiff possessed declaratory judgment and related affirmative claims, all of which required that plaintiff shoulder burden of proof at trial).   As the court explained in *L-3 Commc'ns Corp. v. OSI Sys., Inc.*, 418 F. Supp. 2d 380, 383 (S.D.N.Y. 2005) "[o]rdinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof. … This party is typically the plaintiff, even where the plaintiff seeks only or even primarily a declaratory judgment."

Courts typically deny realignment where one (or more) of the claims for which the plaintiff bears the burden of proof are declaratory judgment claims,[3] and/or where the parties assert competing claims for which they each bear the burden of proof. In *Anheuser-Busch*, 89 F.3d at 1344, the 8th Circuit affirmed the district court's denial of defendant's motion to realign parties, explaining that "[b]oth [defendant and plaintiff] bore the burden of proof on distinct counts of their causes of action.  The District Court understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed first." *See also*, *Phoenix*, 2011 WL 7318755, at *3 (denying motion to realign in face of declaratory claims for breach of contract versus counterclaims for specific performance of same contract); *L-3 Commc'ns*, 418 F. Supp.

---

[3]  *Phoenix*, 2011 WL 7318755, at *3; *Ericsson Inc. v. Harris Corp.*, 1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) (noting, in context of invalidity declaratory judgment claim, that "[a] court normally will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant."); Br. at 4 ("Generally speaking, the party with the burden of proof should open and close the presentation of evidence.") (collecting cases).

2d at 383 (denying motion to realign where, *inter alia*, it would not increase efficiency since both parties possessed claims for which they bore burden of proof); *Alloc, Inc. v. Unilin Décor N.V.*, 2005 WL 3448060, at *7 (E.D. Wis. Dec. 15, 2005) (denying motion to realign case involving invalidity declaratory judgment claim and infringement counterclaim).

3M's argument that it is the "natural" plaintiff because TransWeb is seeking declaratory judgment of noninfringement is simply unavailing, and TransWeb respectfully contends that it is every bit the "natural" plaintiff in this case.  There is no serious dispute that TransWeb bears the burden of proof on multiple claims, including its claims for declaratory judgments of invalidity and its *Walker Process* and sham litigation antitrust claims.  Indeed, 3M concedes as much in jointly-submitted pretrial materials.[4]  Given that 3M does not concede its patents are invalid or that it has committed antitrust violations, TransWeb must prove each of these claims at trial, thus establishing the propriety of leaving its alignment as the actual plaintiff unchanged.  *See*, *e.g.*, *Alloc*, 2005 WL 3448060, at *7 (refusing to realign plaintiff's invalidity declaratory judgment claims since, *inter alia*, defendant-patentee obviously did not concede that its patents were invalid).

3M's motion does not discuss or even acknowledge this body of case law; *i.e.*, that the presumption is not to realign the parties so long as the nominal plaintiff bears the burden of proof on certain claims.   These cases consistently reject the same arguments 3M is advancing for realignment here.  Indeed, under 3M's realignment arguments (Br. at 7-11), no declaratory judgment plaintiff could ever proceed as the plaintiff at trial, which is clearly not consistent with the way courts have typically exercised their discretion when faced with this issue.

---

[4]     *See* Opposition Certification of Christine I. Gannon ("Opp. Gannon Cert."), Ex. 1 (Proposed Verdict Form), Questions 1-12, 13A-26B.  The specific questions the parties wish to ask the jury differ in some cases, but the parties unquestionably agree on TransWeb's burden. *Id.*

2.      3M's arguments in favor of realignment are unavailing to overcome this presumption

3M's motion relies heavily on a single case from the Northern District of California, *Plumtree Software, Inc. v. Datamize, LLC*, 2003 WL 25841157 (N.D. Cal. Oct. 6, 2003), that realigned the parties based on the unique circumstances of that case.  To this end, 3M claims that the *Plumtree* case is "analogous" and compels the same result here.  (Br. at 7-11.)  Not only does 3M ignore the overwhelming authority to the contrary, but *Plumtree* is clearly distinguishable and inapplicable to this situation.

First, the timing of 3M's motion immediately distinguishes this situation from *Plumtree*. In that case, the patentee defendant moved for realignment shortly after it filed its answer and patent infringement counterclaims.  *Plumtree*, 2003 WL 25841157, at *1.  In contrast, 3M filed its first answer and patent infringement counterclaim on November 29, 2010, and the instant motion on July 30, 2012.  In stark contrast to *Plumtree*, the parties here clearly approached the case throughout discovery and pretrial with the current alignment in mind.  They conducted discovery, filed dispositive motions, and, until 3M filed its motion to realign the parties, submitted pretrial materials all recognizing the fact that TransWeb is the plaintiff and 3M is the defendant-counterclaim plaintiff.  Further, even after reserving its right to move to realign the parties in the Final Pretrial Order, 3M then waited over three months—until shortly before what it believed would be a September 4 trial date—to bring this motion, all while TransWeb was preparing for trial as the plaintiff.

3M's unreasonable and inexplicable delay in seeking to realign the parties strongly suggests it is motivated not by its stated desire to aid the jury's understanding of the issues or promote efficiency, but rather by a desire to obtain a strategic advantage by forcing TransWeb to

5

reformulate its entire trial strategy on the eve of trial. This factor alone makes *Plumtree* inapplicable.[5]

Second, the *Plumtree* Court explicitly realigned the parties to prevent what it determined was "evident forum-shopping." *Plumtree*, 2003 WL 25841157, at *5. Although 3M implies (at 9 n.1) that *TransWeb* engaged in forum shopping here, the facts demonstrate that the true forum shopper was 3M, not TransWeb. After waiting almost a decade to sue TransWeb, 3M attempted unsuccessfully to obtain personal jurisdiction over TransWeb in its home court of Minnesota. In the face of TransWeb's Motion to Dismiss for Lack of Personal Jurisdiction, and the court's denial of 3M's request for jurisdictional discovery, 3M voluntarily dismissed that action, recognizing that it was an improper forum for its claims. Thus, 3M's earlier Minnesota action, which lacked jurisdiction over TransWeb, does not favor realignment; rather it counsels against it. *See Ericsson*, 1999 WL 604827, at *3 (denying realignment based on assertion similar to 3M's assertion (at 10) that its Minnesota lawsuit gives it precedence as the "original" plaintiff). There is no question that this District is an appropriate forum for this action and 3M has never suggested otherwise. In any event, as the Ninth Circuit recently explained, "[w]hen considering the primary purpose of a federal case in a realignment inquiry, a court may not consider claims made in a different case." *Scotts Co. LLC v. Seeds, Inc.*, __ F.3d __, 2012 WL 3241407, at *2 (9th Cir. Aug. 10, 2012). Therefore, 3M's attempt to use the Minnesota action to argue this case is more analogous to *Plumtree* is without merit.[6]

---

[5]   Furthermore, 3M's decision to file its previous lawsuit in a forum which did not possess personal jurisdiction over TransWeb and then voluntarily dismiss those affirmative claims strongly weighs against granting the realignment request.

[6]   It is also unlikely that the Northern District of California's analysis in *Plumtree*—which relied in part on the first-filed action to support its decision to realign the parties, *see* 2003 WL 25841157, at *3-4—would survive the Ninth Circuit's holding in *Scotts*.

Third, although it briefly discussed the plaintiff's invalidity declaratory judgment claim, *Plumtree* failed to address preexisting case law holding that plaintiffs with the burden of proof should not be realigned as defendants. *See, e.g.*, *Anheuser-Busch*, 89 F.3d at 1344; *Ericsson*, 1999 WL 604827, at *3. Subsequent cases from the Northern District of California—where *Plumtree* was decided—properly recognized that courts will typically deny realignment where the plaintiff bears the burden of proof, even on declaratory judgment claims. *See, e.g.*, *Fresenius*, 2006 WL 1646110, at *1-2 (denying a motion to realign the parties where plaintiff bore burden on declaratory judgment claim and discussing *Plumtree* as part of its finding). Similarly, in another post-*Plumtree* opinion, *L-3 Commc'ns*, 418 F. Supp. 2d 380, the Southern District of New York denied a motion to realign the parties and proof at trial because, *inter alia*, the declaratory judgment plaintiff bore the burden of proof on its claims, therefore providing "good grounds for allowing 'the actual plaintiff, the party that filed the lawsuit, to proceed first.'" *Id.* at 383 (quoting *Anheuser-Busch*, 89 F.3d at 1344). Indeed, courts regularly deny realignment, even where—different from here—the plaintiff's only claims were declaratory judgment claims. *See, e.g.*, *Tesco Corp. v. Varco I/P, Inc.*, 2006 WL 6625915 (S.D. Tex. Nov. 9, 2006); *Alloc*, 2005 WL 3448060, at *6-7; *Ericsson*, 1999 WL 604827, at *3.

Fourth, *Plumtree* did not involve a situation in which the nominal plaintiff was asserting affirmative antitrust claims in addition to declaratory judgment claims. This factor further supports the conclusion that TransWeb should continue to proceed as the actual plaintiff. 3M's bald assertions (at 10-11) that the claims "rise and fall with [TransWeb's] patent defenses" and would ostensibly confuse the jury regarding 3M's rights vis-à-vis the patents-in-suit do not alter this conclusion. As an initial matter, the issues the jury must decide with respect to antitrust are far broader than just invalidity; they deal with 3M's specific intent to defraud the PTO,

anticompetitive intent in bringing this lawsuit, market definition, and monopoly power.[7] Moreover, even to the extent that invalidity and antitrust overlap, the jury will hear all of the same evidence in the case no matter which party goes first, and, as discussed in Section I.B.2, *infra*, the very nature of TransWeb's claims incentivizes it to educate the jury regarding the technology and patents-in-suit.[8]

B.   3M's Attempt To Reorder The Proof At Trial Pursuant to Rule 611 Is Procedurally and Substantively Without Merit

In the Final Pretrial Order, 3M reserved its right to bring a motion to realign the parties so that it can present its case first.  Now, apparently after realizing the case law does not support that request (as discussed above), it seeks to "reorder the proof at trial" pursuant to Federal Rule of Evidence 611.  Pursuant to the terms of the Final Pretrial Order, 3M has waived its right to bring such a motion.  Dkt. 364 ¶ 2 ("Only those motions listed herein will be entertained prior to

---

[7]   3M's offer (at 11) to nevertheless permit TransWeb rebuttal time on its antitrust claims does not change this conclusion.  The same logic, of course, applies to 3M's patent infringement counterclaims—*i.e.*, if 3M wishes to reserve rebuttal time on infringement, TransWeb will not object.  More importantly, simply permitting rebuttal on antitrust does not justify realigning the parties to put an issue for which TransWeb bears the burden of proof last at trial, even though TransWeb is the actual plaintiff in this case.  Furthermore, 3M does not make the same offer with respect to TransWeb's invalidity claims, for which, again, TransWeb bears the burden of proof and brought as affirmative claims.

[8]   3M's remaining cases on realignment fare no better.  In *Kerr Corp. v. N. Am. Dental Wholesalers*, 2011 WL 4965111, at *3 (C.D. Cal. Oct. 18, 2011), the Court presided over a technically second-filed action, but consolidated that action with a first-filed action that had been recently transferred to the Central District of California.  Noting that the second-filed action should have been a compulsory counterclaim in the first, the Court realigned the parties in accordance with this presumptive order.  *Id.* at *1-2.  Here, there is obviously no other action, and 3M's initial District of Minnesota action was improper because that district did not have personal jurisdiction over TransWeb.  *Grayling Indus., Inc. v. GPAC, Inc.*, 1992 WL 404226 (N.D. Ga. Feb. 12, 1992), is similarly inapposite.  In that case, the plaintiff's main claims were for inequitable conduct, which the Court correctly noted should be determined by it, not the jury. *Id.* at *1.  The Court then aligned the parties so that the defendant could present its counterclaim for patent infringement first.  The *Grayling* court, however, did not address the plaintiff's burden of proof on its invalidity claim or how that impacted the realignment analysis.  Given the substantial case law that has developed on this subject since *Grayling* was issued in 1992, TransWeb submits that its analysis, like *Plumtree*'s, is incomplete and inapplicable.

trial."). Nevertheless, even if the Court considers the substance of 3M's Rule 611 arguments (at 5-7), Rule 611 is not an appropriate mechanism for the relief 3M seeks and 3M offers no valid reason for the Court to reorder the proof for trial.[9]

> 1.   Rule 611 is a limited trial management device that does not apply to realignment of the parties

As an initial matter, 3M cites no precedent—and TransWeb is unaware of any—in which a court exercised its discretion under Rule 611 to realign the parties and their claims for trial. To the contrary, courts have rejected a party's attempt to rely on Rule 611 (and cases thereunder) when seeking to realign the parties. *See Alloc*, 2005 WL 3448060, at *6 (noting, in context of motion to realign for trial, that defendant's Rule 611 citations were unpersuasive since they said nothing about realignment); *Kerr*, 2011 WL 4965111, at *3 (same). Thus, 3M's arguments based on Rule 611 are wholly inapplicable to its requested relief.

Indeed, by its own terms, Rule 611 primarily focuses on the limited issues of effectively determining the truth at trial, avoiding undue wastes of time, and protecting witnesses from harassment. *See* Fed. R. Evid. 611(a); *see also* Br. at 3-4 (noting that the Court's inquiry under Rule 611 focuses on the "effective working of the adversary system"). As the Supreme Court has noted, this Rule is most applicable in the criminal context, where the judge plays a central role in ensuring a defendant's right to a fair trial. *Geders v. U.S.*, 425 U.S. 80, 86 (1976).[10] In the civil context—especially where each side bears the burden of proof on different issues—the

---

[9]   *See Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978) (discussing the trial court's discretionary powers under Rule 611).

[10]   3M repeatedly cites *Geders* in its motion, but fails to note that the opinion primarily discussed Rule 611 in the context of criminal law and said nothing about realigning the order of proof for civil trial, where the parties each possess claims for which they bear the burden of proof. *Id.* at 86. Such a situation is entirely different than a criminal trial, where only one party (the government) bears the burden of proof, that burden (beyond a reasonable doubt) is higher than any of the civil standards, and the defendant is owed a variety of constitutional protections not present in the civil context.

Rule's utility is necessarily more limited and, according to 3M's own precedent, applied, at most, to call a witness out of order.

For example, in *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 823 (3d Cir. 1978)—the only civil opinion 3M cites that applies Rule 611, (*see* Br. at 4; *see also generally id.* at 3-11)—there were two issues on appeal relevant to this motion.  First, the trial court permitted the defense to call a doctor who had just appeared for plaintiffs as their own witness and conduct a full examination at that time.  The Third Circuit found this was a permissible use of discretion because Rule 611 permits courts to direct the order of witnesses to avoid wasting time.  *Id.* at 823.  As should be self-evident, this was an extremely limited application of the Rule.

The second relevant issue in *Lis* was whether the trial court erred in permitting cross examination of the plaintiffs' witness beyond the scope of the direct examination, which it permitted despite the plaintiff's express objection.[11]  The Third Circuit found this was an abuse of discretion under Rule 611 because "Rule [611] in its present form establishes a predictable and orderly procedure for the presentation of the various sides to a dispute."  *Id.* at 822-23.  By allowing the cross examination to exceed the scope of direct, the Third Circuit found that the trial court abused its discretion and, indeed, "use[d] no discretion whatever" in the management of its case.  *Id.* at 823.

The Third Circuit has thus noted that there must be justifiable reasons to call witnesses out of order if the Court exercises its discretion under Rule 611.  As discussed below, 3M offers none.

---

[11]    TransWeb does note, however, that the parties have stipulated to a procedure, subject to Court approval, allowing the examination of certain witnesses to exceed the scope of direct examination in order to streamline the presentation of evidence and prevent witnesses from having to take the stand more than once.  (*See* Dkt. 410-1.)  As noted below, this stipulation eliminates many of the efficiency arguments 3M raises in support of its Rule 611 request.

2.      There will be no efficiency gains in reordering the proof at trial

3M's guiding assumption in the motion is that, unless it presents its infringement case first, the jury will be unable to understand the technology at issue or TransWeb's affirmative claims.  (Br. at 5-6.)  This paternalistic and unsupported assumption grossly underestimates the abilities of both the jury and trial counsel.

First, as a reading of the Second Amended Complaint demonstrates, TransWeb can and will present its case to the jury in a logical and understandable manner that describes the technology at issue, the patents at issue, and TransWeb's affirmative claims without the need for the jury to first hear 3M's infringement case.  In reality, the primary purpose of this trial will be focused on TransWeb's invalidity and antitrust claims, making it particularly conducive to TransWeb presenting its case first.  The jury will hear about TransWeb's development of its method of plasma fluorination in late 1996/early 1997, which was more than a year before 3M even filed the parent application of the patents-in-suit.  The jury will also hear about 3M's prosecution of the patents-in-suit, because those facts are relevant to TransWeb's *Walker Process* claim alleging fraud on the patent office.  Finally, the jury will hear how TransWeb's method of plasma fluorination has changed over the years, which the jury must understand in order to properly assess 3M's infringement claims and TransWeb's defenses thereto.  In fact, the disputed issues related to infringement are few.  As 3M has noted, TransWeb has not proffered expert witnesses on non-infringement.  Rather, as noted in the opposition to 3M's Motion for Summary Judgment, TransWeb intends to defend against 3M's infringement claims based primarily on 3M's inability to establish that TransWeb's current methods meet the claim limitations of the asserted claims.[12]

---

[12]   Dkt. 277 at 30-38.

3M's real concern with TransWeb presenting its case first is not that the jury will be confused, but rather, they will understand all too well what this case is really about. That, however, is not a legitimate basis for reordering the entire presentation of proof.

> 3.     <u>There is no risk of repetitive witnesses, testimony, or overall inefficiency</u>

3M's next argument for realignment (at 6-7) focuses on the supposed efficiencies that will be gained if it is permitted to present its evidence first. Specifically, 3M claims that its infringement case will provide "building blocks" for the jury that "will not need to be repeated" in TransWeb's case, that TransWeb's evidence is supposedly (and solely) "responsive to 3M's infringement case," and that starting with infringement "will reduce the number of witnesses who must testify twice." 3M's arguments in this regard, however, have since been mooted by a stipulation between the parties, subject to Court approval, which streamlines the presentation of evidence and reduces the risk that any witness will need to testify twice.

The parties have agreed, subject to the Court's approval, that 3M will make certain of its witnesses available during TransWeb's case-in-chief and, after TransWeb conducts its examination of those witnesses, 3M will be permitted to conduct the entire scope of its own examination as if it called the witness on direct.[13] This stipulation will not only eliminate the need to call a witness more than once, it will allow 3M to develop its respective case on infringement through these witnesses concurrently with TransWeb's presentation of its evidence. This agreement ensures (absent a showing of good cause) that witnesses will be called to the stand only once. Indeed, by this agreement, the parties have already maximized efficiency. Each common witness will be subject to full and complete examinations by both sides,

---

[13]   Dkt. 410-1

regardless of which party originally calls them.  This will eliminate 3M's need to re-call at least 6 of its own witnesses because they will appear during TransWeb's case in chief.

*      *      *      *      *

If 3M was concerned about the procedural posture of this case, it should not have waited two years to bring this motion as the parties are in final preparation for trial and have made strategic decisions along the way based on the presumptive alignment.  TransWeb is and has been the plaintiff since it brought this action on August 27, 2010, and should remain the plaintiff through trial.  None of the arguments 3M presents for realignment explain why TransWeb, a plaintiff which unquestionably bears the burden of proof on its claims, should be deprived of its presumptive rights to open and close the case.  Moreover, 3M does not present substantiated arguments on why proceeding with the current alignment will actually confuse the jury or lead to an inefficient trial.  Accordingly, for all the reasons discussed above, 3M's motion should be denied in its entirety.

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/ DOCUMENTS WERE DIRECTED**

———————————————

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/ DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

y

_____

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO
CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS
WERE DIRECTED**

_____

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT
WAS NOT REQUIRED TO CONSIDER OR RULE
ON THESE REQUESTS TO WHICH PAGES/
DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO
CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS
WERE DIRECTED**

_____

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

d

_____

**PAGES/DOCUMENT OMITTED AS THE COURT WAS NOT REQUIRED TO CONSIDER OR RULE ON THESE REQUESTS TO WHICH PAGES/DOCUMENTS WERE DIRECTED**

**IV.     OPPOSITION TO 3M'S MOTION *IN LIMINE* TO EXCLUDE ALL EVIDENCE AND ARGUMENT THAT "AT LEAST ABOUT" IS INDEFINITE OR LACKS WRITTEN DESCRIPTION**

3M argues that TransWeb should be precluded from advancing certain invalidity arguments at trial—specifically, that the term "at least about" is indefinite or lacks written description—because TransWeb failed to raise these issues on summary judgment.   Not surprisingly, 3M's motion has no support in the law.   Rather, 3M's sole basis for its motion is a statement the Hon. Garrett E. Brown, Jr., U.S.D.J. (ret.) made during the *Markman* hearing that it was premature to decide these invalidity arguments on the merits prior to the close of fact and expert discovery, and that TransWeb was not precluded from raising these arguments in dispositive motions.

There are two problems with 3M's argument.   First, 3M completely ignores that the *Markman* Order explicitly preserved TransWeb's ability to raise lack of written description or indefiniteness arguments without any restriction to dispositive motions.   Second, 3M's logic is faulty.   There is no rule saying a party waives their arguments if they opt not to move for summary judgment on them.   Nor did the Court suggest anything to the contrary.   Instead, as the Court properly recognized, the invalidity arguments at issue require expert testimony that neither party had presented at the *Markman* hearing.   Further, as other courts have repeatedly recognized, issues of indefiniteness and written description often involve factual issues and competing expert opinions that must be decided by a jury.   Thus, TransWeb respectfully submits that 3M's motion is baseless and should be denied.

A.    The Court Did Not Require That TransWeb Raise These Arguments on Summary Judgment or Else Waive Them

During claim construction, 3M argued that the term "at least about," which is used to modify three distinct and very different metrics in the asserted claims, should be construed to mean "at least approximately."  "Approximately," according to 3M, means "within the range of experimental error a person of skill in the art would expect when he/she uses the test methodology described in the patent."[49]  In response, TransWeb argued that the term "at least about" is indefinite and could not be construed.[50]  On these arguments, the Court reasoned that, although "at least about" might be amenable to construction on its ordinary meaning,[51] a determination of indefiniteness could not be made on the record before it, particularly because neither party had offered any expert testimony to support its arguments, and at that time fact and expert discovery were ongoing.[52]  Accordingly, the Court declined to rule on indefiniteness at the claim construction phase, and held that the constructions would be made without prejudice to TransWeb's ability to challenge the validity of this claim language at a later juncture.

Although the Court noted that an indefiniteness or lack of written description challenge could be made through dispositive motions, it never *required* as much.  3M simply ignores that the actual *Markman* Order explicitly preserves TransWeb's ability to raise invalidity based on lack of written description or indefiniteness without any requirement that such a challenge be brought by way of a dispositive motion:

---

[49]   Dkt. 128 (3M's Opening Claim Construction Brief) at 11.

[50]   Dkt. 129 at (TransWeb's Opening Claim Construction Brief) 16-20.

[51]   Dkt. 214 at 14, ln. 325-327.

[52]    *See id.* at 5, ln. 122-130 ("[N]either party has offered expert testimony to support its indefiniteness or written description arguments, but expert testimony is often helpful in this task.").

**ORDERED that these claim constructions are made without prejudice to Plaintiff's ability to challenge the validity of the patent based on lack of written description or indefiniteness under 35 U.S.C. §112.**[53]

Accordingly, given that the *Markman* Order neither limits TransWeb's ability to challenge the asserted patents through dispositive motions nor suggests that such a challenge would be waived upon failure to raise it in a dispositive motion, 3M's motion is without merit.

> B.   When, As Here, There Are Competing Expert Opinions Which Would Preclude Summary Judgment, These Issues Are Properly Determined By The Jury

Moreover, issues of indefiniteness and lack of written description are not always amenable to resolution on summary judgment. Although indefiniteness is a legal determination "drawn from the court's performance of its duty as the construer of patent claims," *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1373 (Fed. Cir. 2001), it is also an inquiry that "focuses on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the rest of the specification." *Union Pac. Res. Co. v. Chesapeake Energy Corp.,* 236 F.3d 684, 692 (Fed. Cir. 2001). Under Federal Circuit law, indefiniteness is an issue for the jury where the underlying issues are factual in nature. *BJ Services Co. v. Halliburton Energy Services, Inc.*, 338 F.3d 1368, 1372, 67 U.S.P.Q.2d 1692 (Fed. Cir. 2003) ("[D]efiniteness … is amenable to resolution by the jury where the issues are factual in nature. Because the issues here are essentially factual, we review the jury's verdict to determine if the ultimate conclusion reached is supported by substantial evidence."); *Amgen Inc. v. F. Hoffman-LA Roche Ltd*, 580 F.3d 1340, 1370, 92 U.S.P.Q.2d 1289 (Fed. Cir. 2009) (noting that district court permitted jury to determine whether the asserted claims were indefinite and affirming the district court's denial of the accused infringer's JMOL motion to overturn the jury's verdict that the claims were not invalid for being indefinite).

---

[53]  Dkt. 215 at 2.

These issues often require expert testimony, and where experts conflict in their opinions—as they do here—it is a question for the jury to decide.  *See, e.g.*, *System Management Arts Inc. v. Avesta Technologies, Inc.,* 137 F. Supp. 2d 382, 399-400 (S.D.N.Y. 2001) (collecting cases); *E.I. Dupont De Nemours & Co. v. Millennium Chem., Inc.,* 1999 WL 615164, at *3 (D. Del. Aug. 2, 1999).  This case involves factual disputes arising from conflicting expert testimony as to whether one of ordinary skill in the art would understand the term "at least about" when read in light of the specification.  Specifically, TransWeb's expert, Dr. Funk, opines that due to the many different sources of uncertainty for any given test, including the inherent nonuniformity resulting from the process and in the material itself, a person skilled in the art would not be able to determine the meaning of "at least about" even considering the given construction of "at least approximately," and would find the term to be insolubly ambiguous.[54]  But 3M's expert, Dr. Glew, disagrees.  In Dr. Glew's opinion, one of ordinary skill in the art would understand what the term "at least about" means based on the experimental error he or she would expect when using the test methodology described in the patent.[55]

Recognizing that the disputed facts and conflicting expert opinions of Dr. Funk and Dr. Glew would preclude summary judgment on indefiniteness, TransWeb chose not to waste the Court's and the parties' resources by filing a dispositive motion on that issue.  Instead, TransWeb focused its summary judgment motions on the limited issues and claims it believed involved no genuine issues of material fact.  Consequently, 3M's argument that TransWeb was *required* to bring this issue in a motion for summary judgment or waive it altogether is logically flawed and finds no support in the Court's *Markman* Order or applicable law.[56]

---

[54]   Opp. Gannon Cert., Ex. 13 (Funk Expert Report) ¶¶ 1450-56.

[55]   Opp. Walsh Cert., Ex. 1 (Glew Rebuttal Report) ¶ 272.

[56]   3M suggests that TransWeb somehow waived these arguments by not including them

## CONCLUSION

For the foregoing reasons, TransWeb respectfully requests the Court deny 3M's motion to set the order of proof at trial and its motions *in limine* in their entirety.

Respectfully submitted,

DATED:  August 13, 2012

s/*Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068-1765
Tel.: (973) 535-0500
Fax: (973) 535-9217

Harold A. Barza (admitted *pro hac vice*)
Michael E. Williams (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Plaintiff and Counterclaim-Defendant TransWeb, LLC*

---

in the Final Pretrial Order.  (Br. at 23.)  That is simply incorrect.  In the Final Pretrial Order under "Plaintiff's Contested Facts," TransWeb asserts that:

> One of ordinary skill in the art upon reading the '458 patent, its incorporated references, and its file history would not be able to determine the meaning of "at least about" as used in claims 1, 9, 10, 11, 14, 15, 18, 39, and 57, even considering the Court's construction of "at least approximately," and would find the term to be insolubly ambiguous.

Dkt. 364 at 21, ¶ 99.  TransWeb further asserts that:

> One of ordinary skill in the art upon reading the '551 patent, its incorporated references, and its file history would not be able to determine the meaning of "at least about" as used in claims 29 and 30, even considering the Court's construction of  "at least approximately," and would find the term to be insolubly ambiguous.

Dkt. 364 at 22, ¶ 101.

32