### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, LLC,<br><br>            Plaintiff,<br><br>v.<br><br>3M INNOVATIVE PROPERTIES COMPANY, ET AL.,<br><br>            Defendants. | Civil Action No. 10-4413(FSH)(JBC)<br><br>Hon. Faith S. Hochberg, U.S.D.J.<br><br>[PROPOSED] FINAL JUDGMENT |

      WHEREAS, TransWeb, LLC ("TransWeb") filed this action on August 27, 2010, against 3M Company and 3M Innovative Properties Company (collectively, "3M") seeking a declaratory judgment of invalidity of claims in U.S. Patent Nos. 6,397,458 ("the '458 patent") and 6,808,551 ("the '551 patent") of which 3M is the assignee, unenforceability of those patents due to 3M's inequitable conduct in the prosecution of those patents, and non-infringement by TransWeb of those patents; and TransWeb subsequently filed an amended complaint stating, *inter alia*, antitrust claims of *Walker Process* fraud and sham litigation;

      WHEREAS, 3M counterclaimed for patent infringement;

      WHEREAS, 3M voluntarily dismissed with prejudice before trial its claims under the '551 patent;

      WHEREAS, trial commenced on November 13, 2012 on TransWeb's antitrust and patent declaratory judgment claims and 3M's remaining patent infringement counterclaims;

      WHEREAS, at the close of TransWeb's case, 3M moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50 on the claims of invalidity, infringement and willfulness, inequitable conduct, and antitrust claims, and the Court reserved on those motions;

WHEREAS, at the conclusion of the trial, the jury returned a verdict finding that the 3M patent claims asserted at trial were invalid as obvious, that TransWeb did not infringe 3M's patent claims asserted at trial, and that 3M violated the antitrust laws by enforcing or attempting to enforce fraudulently procured patents but that 3M did not engage in sham litigation in violation of the antitrust laws; the jury returned a unanimous advisory verdict that the '458 and '551 patents were unenforceable due to inequitable conduct and the jury found that TransWeb was entitled to $34,412 in lost profits and an undetermined amount of attorneys' fees based on 3M's violation of the antitrust laws;

WHEREAS, 3M then renewed its motions for judgment as a matter of law, and the Court instructed the parties to brief those issues as well as whether the Court should find the patents unenforceable due to inequitable conduct; and the Court held a post-trial hearing on January 10, 2013; and

WHEREAS, by consent of the parties, this Court referred the determination of the amount of TransWeb's attorneys' fees to a Special Master, Hon. Alfred M. Wolin (Ret.); the Special Master was tasked with calculating both the patent defense fees which were recoverable as antitrust damages, as well as reasonable attorneys' fees as antitrust costs of suit under the Clayton Act; the Special Master submitted a Report and Recommendation to this Court on September 24, 2013 [Docket No. 567], to which 3M filed objections and TransWeb filed a response;

WHEREAS, on April 21, 2014 this Court issued an Opinion [Docket No. 579] and Order [Docket No. 580] denying 3M's Motions for Judgment as a Matter of Law on Invalidity [Docket No. 492] and Judgment as a Matter of Law on the Antitrust Claim [Docket No. 494], and denying as moot 3M's Motion for Judgment as a Matter of Law of Law on Infringement and

Willfulness [Docket No. 497]; further finding that the '458 and '551 patents are unenforceable due to inequitable conduct; and adopting the Special Master's Report and Recommendation on attorneys' fees and costs in its entirety;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. Final Judgment is entered in favor of Plaintiff TransWeb and against Defendants 3M Company and 3M Innovative Properties Company (collectively "3M") as follows:

    a. Judgment is entered, in accordance with the jury's finding, that claims 31 and 57 of the '458 patent are invalid as obvious;

    b. Judgment is entered, in accordance with the jury's finding, that claims 31 and 57 of the '458 patent were not infringed by TransWeb;

    c. Judgment is entered, in accordance with the jury's findings, that 3M shall take nothing from its counterclaims against TransWeb;

    d. Judgment is entered, in accordance with the jury's finding, that 3M violated the antitrust laws by enforcing or attempting to enforce fraudulently procured patents against TransWeb;

    e. Antitrust damages are awarded to TransWeb and against 3M in the amount of $23,074,306.48, consisting of: (1) $34,412.00 in lost profits, trebled to $103,236.00; and (2) $7,657,023.49 in patent defense fees, trebled to $22,971,070.48;[1]

---

[1] This amount is calculated by analyzing the exhibits to the Special Master's Report and Recommendations [Docket No. 567, 568]. Exhibit A, reflecting the billing entries for which 3M did not challenge the designations, reflects a recommended award of $18,400,816.50 (after

3

        f.      Reasonable attorneys' fees as antitrust costs of suit are awarded to TransWeb and against 3M in the amount of $3,175,422.97, which amount is not trebled;[2]

        g.      Judgment is entered, in accordance with the Court's findings and the jury's unanimous advisory verdict, that the '458 patent and the '551 patent are unenforceable as a result of inequitable conduct by Karl Hanson and Marvin Jones;

2. Final judgment shall be entered in favor of 3M and against TransWeb on TransWeb's claim that 3M violated the antitrust laws by engaging in sham litigation.

3. TransWeb may seek its costs of suit in accordance with the provisions of L. Civ. R. 54.1.

4. TransWeb is entitled to post-judgment interest on this Judgment consistent with applicable law.

**SO ORDERED** this 29 day of April, 2014.

_/s/ Faith S. Hochberg_
HON. FAITH S. HOCHBERG, U.S.D.J.

---

trebling) in patent defense fees and $2,372,735.50 in antitrust "costs of suit." *See* Docket No. 567 (Report & Recommendations) at 40 & Docket No. 568 (Ex. A). Exhibit B, reflecting the billing entries for which the parties reached agreement during the hearing before the Special Master, reflects a recommended award of $58,758.00 (after trebling) in patent defense fees and $401,816.75 in antitrust "costs of suit." *See* Docket No. 567 at 40-41 & Docket No. 568 (Ex. B). Exhibit C, reflecting the billing entries disputed by the parties, reflects a recommended award of $4,511,495.98 (after trebling) in patent defense fees and $400,870.72 in antitrust "costs of suit." *See* Docket No. 567 at 41-43 & Docket No. 568 (Ex. C).

[2] *See supra* n.1.

    f. Reasonable attorneys' fees as antitrust costs of suit are awarded to TransWeb and against 3M in the amount of $3,175,422.97, which amount is not trebled;[2]

    g. Judgment is entered, in accordance with the Court's findings and the jury's unanimous advisory verdict, that the '458 patent and the '551 patent are unenforceable as a result of inequitable conduct by Karl Hanson and Marvin Jones;

2. Final judgment shall be entered in favor of 3M and against TransWeb on TransWeb's claim that 3M violated the antitrust laws by engaging in sham litigation.

3. TransWeb may seek its costs of suit in accordance with the provisions of L. Civ. R. 54.1.

4. TransWeb is entitled to post-judgment interest on this Judgment consistent with applicable law.

**SO ORDERED** this 29 day of April, 2014.

[signature]
HON. FAITH S. HOCHBERG, U.S.D.J.

---

trebling) in patent defense fees and $2,372,735.50 in antitrust "costs of suit." *See* Docket No. 567 (Report & Recommendations) at 40 & Docket No. 568 (Ex. A). Exhibit B, reflecting the billing entries for which the parties reached agreement during the hearing before the Special Master, reflects a recommended award of $58,758.00 (after trebling) in patent defense fees and $401,816.75 in antitrust "costs of suit." *See* Docket No. 567 at 40-41 & Docket No. 568 (Ex. B). Exhibit C, reflecting the billing entries disputed by the parties, reflects a recommended award of $4,511,495.98 (after trebling) in patent defense fees and $400,870.72 in antitrust "costs of suit." *See* Docket No. 567 at 41-43 & Docket No. 568 (Ex. C).

[2] *See supra* n.1.