# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, LLC,<br><br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,<br><br>    Defendants and<br>    Counterclaim-Plaintiffs. | CIVIL ACTION NO. 10-04413 (FSH/JBC)<br><br><br><br><br><br>*Electronically Filed* |

## PLAINTIFF TRANSWEB, LLC'S
## BRIEF IN OPPOSITION TO 3M'S MOTION FOR A NEW TRIAL

Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

*Attorneys for Plaintiff and
Counterclaim-Defendant
TransWeb, LLC*

Harold A. Barza (admitted *pro hac vice*)
Michael E. Williams (admitted *pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California, 90017
(213) 443-3000

*Attorneys for Plaintiff and
Counterclaim-Defendant
TransWeb, LLC*

3153750-1

## TABLE OF CONTENTS

ARGUMENT ................................................................................................. 1

   I.   3M'S MOTION CAN BE DENIED BECAUSE IT FAILS TO
        IDENTIFY THE GROUNDS FOR A NEW TRIAL WITH
        PARTICULARITY.............................................................................. 1

   II.  THERE IS OVERWHELMING EVIDENCE TO SUPPORT THE
        VERDICT AS DETAILED IN THIS COURT'S OPINION ......................... 3

CONCLUSION ............................................................................................. 5

## TABLE OF AUTHORITIES

*Cases*

*Foster v. Nat'l Fuel Gas Co.*, 316 F.3d 424 (3d Cir. 2003) .......................................3

*Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805 (Fed. Cir. 1990)..................................................................................................1, 2

*Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061 (3d Cir. 1996).............3

*Other Authorities*

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1192, 42 (1990))............................................................................2

*Rules*

Fed. R. Civ. P. 7(b) ................................................................................................1

## ARGUMENT

Without citing a single piece of evidence, Defendants 3M Innovative Properties Company and 3M Company ("3M") boldly ask this Court to disregard the jury's unanimous verdict and this Court's own thorough and independent de novo review of the evidence and grant 3M a new trial on the grounds that the "verdict was against the great weight of the evidence and would effect a miscarriage of justice." (Dkt. No. 589, 3M's Brief at 1). Recognizing the lack of merit to this motion, 3M does not even attempt to specifically articulate how the verdict was against the great weight of the evidence or identify any evidence – let alone the great weight of the evidence – that was inconsistent with the jury's verdict and this Court's independent findings. 3M cannot and does not even try to explain how allowing the verdict to stand would effect a miscarriage of justice, as it is required to do. 3M's motion should be denied.

**I.   3M'S MOTION CAN BE DENIED BECAUSE IT FAILS TO IDENTIFY THE GROUNDS FOR A NEW TRIAL WITH PARTICULARITY**

A motion for a new trial must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b); *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990). As the Federal Circuit has explained, "the issue is whether any party is prejudiced by a lack of particularity or 'whether the court can comprehend the basis for the motion and deal with it fairly.'" *Registration Control Sys.*, 922 F.2d at 807-08 (citing 5

Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1192, 42 (1990)).  Discussing the application of this rule, the Federal Circuit aptly explained "in a lengthy trial involving complicated and contradictory testimony, a motion requesting a new trial because the judgment was 'against the manifest weight of the evidence' could plainly be inadequate to afford the opposing party an opportunity to respond, and similarly, might not sufficiently inform the court of the basis for the request." *Registration Control Sys.*, 922 F.2d at 808.  3M is asking this Court to grant a new trial in a complex patent and antitrust case following a two-week trial without even discussing a shred of evidence or explaining why it believes the "verdict was against the great weight of the evidence."

3M's attempt to side-step its burden of particularity by incorporating by reference its briefing from its JMOLs is unavailing.  This Court fully addressed and soundly rejected those arguments in its April 21, 2014 Opinion.  (Dkt. No. 579).  Neither TransWeb nor the Court should be required to scour 3M's prior voluminous briefing to determine what arguments and evidence it *might* be relying on for its motion for new trial.  3M's motion wholly fails to provide any notice – never mind adequate notice – of the grounds such that TransWeb or the Court can meaningfully respond.  Simply denouncing the verdict as against the great weight of the evidence does not make it so, but that is all 3M has done.  Nor should 3M be allowed to surprise TransWeb by raising more specific arguments in its reply brief that were not raised in its 2-page motion.  The motion should be denied outright.

2

## II. THERE IS OVERWHELMING EVIDENCE TO SUPPORT THE VERDICT AS DETAILED IN THIS COURT'S OPINION

Furthermore, the jury's verdict was wholly consistent with the great weight of the evidence and 3M cannot meet the stringent standard for proving otherwise. "[A] district court should grant a new trial on the basis that the verdict was contrary to the weight of the evidence 'only where a miscarriage of justice would result if the verdict were to stand.'" *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1076 (3d Cir. 1996) (citation omitted); *see also Foster v. Nat'l Fuel Gas Co.*, 316 F.3d 424, 430-31 (3d Cir. 2003).

This Court has already reviewed all of the post-trial briefing, conducted its own *de novo* review of the evidence, observed the demeanor and credibility of the witnesses and concluded that 3M employees committed inequitable conduct rendering the patents unenforceable. (Dkt. No. 579 at 34). In reaching this conclusion, the Court recognized the high standard needed to establish inequitable conduct and found it clearly and convincingly met. (*See id.*). This conclusion supports the jury's verdict that the patents were invalid and that they were procured by fraud on the Patent Office, which are elements of TransWeb's *Walker Process* antitrust claim as well. (*See id.* at 35).[1]

---

[1] As this Court noted in its accompanying Order, 3M's JMOL on the jury's verdict of non-infringement and willfulness was moot in light of the findings of invalidity and unenforceability. (Dkt. No. 580). As explained in TransWeb's Opposition to 3M's JMOL, however, the evidence clearly supported the jury's verdict in this respect as well. (*See generally* Dkt. No. 514).

3

3153750-1

To the extent the Court even considers 3M's other arguments raised in its JMOLs, these fare no better. Although 3M challenged the relevant geographic and product market, this Court detailed the evidence supporting the verdict that the relevant geographic market was the United States and 3M offered no contradictory evidence, expert or otherwise. (Dkt. No. 579 at 35-37). With respect to the relevant product market, the Court detailed the substantial evidence supporting the jury's verdict that fluorinated polymeric material for respirators was not reasonably interchangeable with non-fluorinated polymeric material. This evidence included undisputed expert testimony on cross-elasticity of demand, performance characteristics of the fluorinated versus non-fluorinated materials and even 3M's own internal documents and testimony supporting the verdict in this respect. (*See id.* at 37-38). 3M's motion identifies no evidence to the contrary.

3M also challenged its market share in the relevant upstream and downstream market, but again the evidence wholly supports the jury's verdict. With respect to the upstream market, it was undisputed that TransWeb was the only other supplier of fluorinated filtration media. (*Id.* at 39). With respect to 3M's dangerous probability of monopolizing the downstream oil-resistant respirator market, this Court found the jury's verdict supported by the market share analysis conducted by TransWeb's expert as well as his testimony that there were significant barriers to entry in this market. (*Id.* at 39-40). 3M offered no expert

analysis in response and the only evidence it presented even remotely related to this issue was not inconsistent with the jury's verdict.[2]  (*See id.* at 39 n.32).

Finally, 3M does not even attempt to explain how the verdict would effect a miscarriage of justice, as it is required to do.  Quite the contrary, the jury's verdict ensured that justice was done and it should not be disturbed.

## CONCLUSION

TransWeb respectfully requests that the Court deny 3M's motion.

DATED: June 6, 2014

*s/Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068-1765
Tel.: (973) 535-0500
Fax: (973) 535-9217

Harold A. Barza (admitted *pro hac vice*)
Michael E. Williams (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
Tel.: (213) 443-3000
Fax: (213) 443-3100

*Attorneys for Plaintiff and Counterclaim-Defendant TransWeb, LLC*

---

[2]  As the Court noted, 3M's remaining JMOL arguments challenging the jury's antitrust verdict on "dangerous probability" and antitrust injury were based on circular reasoning and a misunderstanding of the relevant case law.  (Dkt. No. 579 at 40-41).  As such, 3M did not challenge the sufficiency of the underlying evidence on these issues and cannot be a basis for a new trial.