# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRANSWEB, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,<br><br>        Defendants. | Civil Action No. 10-4413(FSH)(JBC) |

_____
## REPLY IN SUPPORT OF 3M'S MOTION FOR A NEW TRIAL
_____

**LITE DEPALMA GREENBERG, LLC**
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, New Jersey 07102
(973) 623-3000
mpatunas@litedepalma.com
mtarantino@litedepalma.com

*Attorneys for Defendants 3M Innovative and Properties Company and 3M Company*

419031.1

## TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................1

419031.1

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Registration Control Systems, Inc. v. Compusystems, Inc.*,
    922 F.2d 805 (Fed. Cir. 1990), ........................................................................ 1

*Sheridan v. E.I. Dupont de Nemours & Co.*,
    100 F.3d 1061 (3d Cir. 1996) (en banc) ......................................................... 1

419031.1

TransWeb ignores the extensive briefing that preceded 3M's motion for a new trial, which 3M expressly incorporated by reference to avoid burdening the Court with duplicative briefing.  *See* ECF No. 589-1, at 2 n.1.  That earlier briefing discussed the trial record in detail to demonstrate that substantial evidence did not support the jury's verdict and TransWeb had not proved inequitable conduct.  *See* ECF Nos. 492, 493, 494, 497, 516, 518, 519, 520, 530.  Although this Court disagreed, the evidence and arguments that supported 3M's earlier motions warrant relief under the more lenient standard for granting a new trial.  Indeed, TransWeb does not dispute that "a new trial may be granted even if the evidence is legally sufficient to support the verdict" if the verdict "was against the great weight of the evidence and would effect a miscarriage of justice."  *Sheridan v. E.I. Dupont de Nemours & Co.*, 100 F.3d 1061, 1076 (3d Cir. 1996) (en banc).

TransWeb cites no case, nor is 3M aware of any, holding that a party's new trial motion must duplicate earlier substantial evidence briefing to support relief under the more lenient great weight of the evidence standard, particularly where the earlier briefing is incorporated by reference.  In *Registration Control Systems, Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir. 1990), the barebones new trial motion was filed shortly after the verdict and, unlike here, was not preceded by JMOL and inequitable conduct briefing.  Even then, the Federal Circuit recognized that given the "flexibility" of Federal Rule of Civil Procedure 7, a short

419031.1

motion alleging nothing more than that the verdict was "against the manifest weight of the evidence" might suffice depending on the circumstances. *Id*. at 808.

Here, 3M's JMOL and inequitable conduct briefs extensively discussed why the evidence required a verdict for 3M.  3M argued that TransWeb did not prove public use of its fluorinated products before the critical date because, among other things, testimony regarding the Expo was insufficiently corroborated (ECF No. 492, at 3-4; ECF No. 530, at 3-6); the Racal samples were confidential and, in any event, the relevant conduct occurred in Canada rather than the United States (ECF No. 493, at 11-12; ECF No. 516, at 14-17; ECF No. 519, at 3-4); and the Willson product was not prior art (ECF No. 493, at 12; ECF No. 519, at 4-5).  Moreover, combining plasma fluorination and hydrocharging was not obvious because the '507 patent taught against exposure to ultraviolet light; Kumar Ogale did not even experiment with wet charging until three years after learning about the '507 patent; and secondary considerations of non-obviousness such as commercial success and unexpected results compelled a finding of non-obviousness.  ECF No. 492, at 6-7.

3M further argued that there was no failure to disclose material information to the PTO (ECF No. 493, at 5-9; ECF No. 516, at 17-18; ECF No. 519, at 1-3) or deceptive intent (ECF No. 493, at 9-11; ECF No. 516, at 18-28).  TransWeb's antitrust claims also failed due to TransWeb's failure to prove a geographic market limited to the United States (ECF No. 494, at 1-7); an upstream market limited to

fluorinated polymeric material (*id.* at 7-10); monopoly power or a dangerous probability of success in acquiring such power (*id.* at 10-14); or harm to competition/antitrust injury (*id.* at 14-17).[1]  Finally, 3M demonstrated that, notwithstanding TransWeb's attempt to change the claim construction at trial, unrebutted evidence and TransWeb's 30(b)(6) admissions required a finding of infringement.  ECF No. 497, at 2-5; ECF No. 518, at 2-14.

3M's new trial brief incorporated all these arguments by reference and argued that allowing the erroneous verdict to stand would effect a miscarriage of justice by imposing substantial liability on 3M, out of all proportion with any alleged harm to competition, for asserting and defending the validity of patents in litigation the jury found was not a sham.  ECF No. 589-1, at 2 & n.1.  The brief was thus designed to provide an opportunity to reassess the parties' prior arguments under the more lenient new trial standard while minimizing the burden on the Court.  3M respectfully requests that the Court take that opportunity to reassess and grant a new trial.

---

[1] This briefing, and the evidence cited therein, conclusively rebuts TransWeb's assertions (at 4-5 & n.2) that substantial evidence supported the geographic market and "3M offered no contradictory evidence" (*see* ECF No. 494, at 1-7); that uncontradicted evidence showed no reasonable interchangeability between fluorinated and non-fluorinated material (*see id.* at 7-10); that TransWeb's expert correctly analyzed market share and barriers to entry (*see id.* at 10-12); and that 3M's "dangerous probability" and antitrust injury arguments were not, in part, substantial evidence challenges (*see id.* at 14-17).

3

Dated:  June 9, 2014        **LITE DEPALMA GREENBERG, LLC**

        /s/Michael E. Patunas
Michael E. Patunas
Mayra V. Tarantino
Two Gateway Center, Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
mpatunas@litedepalma.com
mtarantino@litedepalma.com

**WILMER CUTLER PICKERING
   HALE AND DORR LLP**
Seth P. Waxman (admitted *pro hac vice*)
Thomas G. Saunders (admitted *pro hac vice*)
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel: (202) 663-6000
Fax: (202) 663-6363
seth.waxman@wilmerhale.com
thomas.saunders@wilmerhale.com

Mark C. Fleming (admitted *pro hac vice*)
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
mark.fleming@wilmerhale.com

**FISH & RICHARDSON P.C.**
John C. Adkisson (admitted *pro hac vice*)
3200 RBC Plaza, 60 South Sixth Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696
adkisson@fr.com

**AXINN, VELTROP & HARKRIDER, LLP**
Francis H. Morrison III (admitted *pro hac vice*)
Jeremy C. Lowe (admitted *pro hac vice*)
90 State House Square, 9th Floor
Hartford, CT 06103
Tel:  (860) 275-8100
Fax:  (860) 275-8101
fmorrison@axinn.com
jlowe@axinn.com

Michael L. Keeley (admitted *pro hac vice*)
950 F Street, N.W.
Washington, D.C. 20004
Tel: (202) 721-5414
Fax: (202) 912-4701
mkeeley@axinn.com

*Attorneys for Defendants 3M Innovative Properties Company and 3M Company*

## **CERTIFICATE OF SERVICE**

I, Michael E. Patunas, hereby certify that on this day, I served a copy of Defendants 3M Innovative Properties Company and 3M Company's Reply in Support of Motion for a New Trial, on counsel for Plaintiffs by ECF and email.

Dated: June 9, 2014                                    *s/Michael E. Patunas*
                                                                      Michael E. Patunas

419031.1